By the Court.—Freedman, J.
The appellant asked for the consideration and determination of but one question, and this arises upon certain rulings made by the trial judge, by which the defendant was denied the benefit of certain matters urged as a defence to plaintiff’s claim for salary alleged to be due to him as a discharged employee. The action was brought for services actually rendered at the agreed rate of $65.00 per month, and not for damages for wrongful dismissal. The recovery had was limited to salary accrued up to the day of the discharge as found by the jury. The defendant had pleaded by answer, and upon the trial offered tó prove the following, viz.:
“That the agreement between the plaintiff and defendant, whereby the plaintiff entered into the employment of the defendant, was an agreement for the employment of the plaintiff in the capacity of a chemical expert and chemist, and that the plaintiff should, until his employment should be terminated by the defendant, chemically work with the defendant’s products, and endeavor to develop and discover new products and processes for the benefit of the defendant. Under such agreement the plaintiff did enter into the employ of the defendant. But contrary to the terms of said agreement, the plaintiff, in the spring of 1887, refused to disclose to, or give the benefit of his discoveries to the defendant, but insisted on retaining said discoveries for his own benefit. Thereupon, and on the 7th day of June, 1887, the defendant terminated said contract and discharged the plaintiff from its employment.”
The court at the trial excluded all evidence offered upon this branch of the case, except as to the discharge and the time thereof, and held that, as matter *38 of law, the plaintiff was entitled to his salary up to the day of his. discharge, to which rulings the defendant duly excepted.
The defendant raises no question as to the amount of the recovery, and consequently the real question involved in the appeal is whether the rejected evidence, if admitted, would have defeated the entire claim of the plaintiff for salary prior to his discharge.
In my opinion it would, and could not have had that effect.
The case sufficiently sliows that the real point of difference between the parties was that the plaintiff refused to assign to the defendant some patents taken out by him for his discoveries. This the defendant was not entitled to under the decision of Hapgood v. Osgood, 119 U. S. 226. In that case it was held that under a contract like the one in question the employer acquires no right or title to the discoveries of his employee, but simply a license to use them.
But even if it should be assumed that the defendant would have proved all that was alleged, it does not follow that such proof would have sustained a forfeiture of salary accrued. The plaintiff had rendered service, and it had been accepted. There was no actual dishonesty or fraud. The plaintiff simply took an untenable position as to his rights under the contract, which justified the defendant in terminating the contract. Moreover, under the concessions made by the appellant in the points submitted, the case is to be treated as if the plaintiff had rendered service without objection for the entire period for which he had been engaged. The case is, therefore, analogous to one in which the servant did not fully perform, or unskillfully performed, his contract of employment. In such a case it is now *39 settled that failure to fully perform, or unskillful performance, is no bar or defence to an action for services rendered, and that the only remedy of the employer in such action is to off-set or recoup the damages sustained by him. Turner v. Kouwenhoven, 29 Hun, 232, affirmed in 100 N. Y. 115.
As the facts excluded were set up as a defence, and not as a set-off or counterclaim or by way of recoupment, the defendant was not prejudiced by the exclusion.
The judgment and order appealed from should be affirmed with costs.
Sedgwick, Oh. J., and O’Gorman, J., concurred.