AIR REDUCTION COMPANY, INCORPORATED, Plaintiff, *v.* WARREN R. WALKER, Defendant.

Supreme Court, Kings Special Term for Trials, May, 1921.

*Patent — invention by employee — implied agreement that any patent therefor shall be assigned to employer.*

ACTION to compel an assignment of an interest in a patent for an invention.

*Pennie, Davis, Marvin & Edmonds* (*Benjamin Reass,* of counsel), for plaintiff.

*Kiddle & Margeson* (*Henry T. Hornidge,* of counsel), for defendant.

CROPSEY, J. Defendant was employed by plaintiff as a research chemist, among other things, to discover or invent some method or means for utilizing commercially the gas known as neon, which is found in small quantities in the atmosphere. Under the supervision of, and in conjunction with, another employee of the plaintiff, a commercial use for this gas was discovered, and an invention made and patented. The invention involved the use of this gas as a signalling device on the rear of automobiles. The patent was taken out in the names of the defendant and his co-worker, as required by United States statute. Plaintiff claimed the right to the invention. Defendant's co-worker assigned his interest in it to the plaintiff, but defendant refused to do so. This action is to compel such assignment.

There was no express agreement making any invention of the defendant the property of the plaintiff, nor was there any express agreement that the defendant would assign to the plaintiff any patent he might obtain. But he was employed to give his time and scientific skill for the very purpose of trying to discover and invent some practical use for this gas. In other words, he sold his inventive powers to the plaintiff, during the period of his employment.

Under these circumstances I think there is an implied agreement that the results of defendant's work shall belong to plaintiff, and that any patent obtained by defendant should be assigned by him. *Annin* v. *Wren,* 44 Hun, 352; *Connelly Mfg. Co.* v. *Wattles,* 49 N. J. Eq. 92; *Meissner* v. *Standard Ry. Equipment Co.,* 211 Mo. 112; *Dowse* v. *Federal Rubber Co.,* 254 Fed. Rep. 308; *Famous Players-Lasky Corporation* v. *Ewing,* 194 Pac. Rep. (Cal.) 65. No case in this state holding the contrary has been brought to the court's attention. *Clark* v. *Fernoline Chemical Co.,* 5 N. Y. Supp. 190, decides only a question of pleading. Its state-

ments upon this subject are purely *obiter*. There are decisions in some other jurisdictions which seem to be at variance with those above cited. See *American Circular Loom Co.* v. *Wilson*, 198 Mass. 182, 201; *Dalzell* v. *Dueber Mfg. Co.*, 149 U. S. 315; *Barber* v. *National Carbon Co.*, 129 Fed. Rep. 370; *Pressed Steel Car Co.* v. *Hansen*, 137 id. 403; *Hildreth* v. *Duff*, 143 id. 139; *Hapgood* v. *Hewitt*, 119 U. S. 226. Some of these cases may be distinguishable, but even if they be not I believe the sounder rule is set forth in the cases first cited. Hence, the plaintiff is not entitled only to a shop right to use the patent, but is entitled to own it outright, and hence should have judgment against the defendant, with costs.

Judgment accordingly.