J. ALDEN TALBOT, Plaintiff, *v.* CLARK W. HARRISON and Others, Defendants.

Supreme Court, New York County, May 18, 1932.

*Edwards, Murphy & Minton,* for the plaintiff.

*Baldwin, Hutchins & Todd,* for the defendants Clark W. Harrison and others.

SHIENTAG, J. Plaintiff, a minority stockholder of the defendant Bloomingdale Rubber Company, seeks an accounting from the defendant Harrison for sums of money received by him from the defendant corporation as royalties, pursuant to a resolution of the board of directors of the corporate defendant. These royalties were voted Harrison in consideration of the corporation's right to

use a secret process which he developed and the agreement on his part not to sell or dispose of or divulge it to a competitor.

I find (1) that Harrison while general manager and an officer of the defendant corporation had perfected a process for reclaiming rubber from solid truck tires; that this process was a novel one, and that it represented substantial value.

(2) This process was the property of Harrison. He was the managing director of the corporation and was not employed for the purpose of developing or discovering any rubber reclamation processes. His experiments in connection with the development of the process were outside the scope of his duties as officer and general manager. He was under no duty to divulge its secret to the defendant corporation. The general rule is that in the absence of an express agreement by an employee to give the employer the benefit of the former's inventive genius the employer has no interest in the patents issued to the employee. Where, however, one is employed to give his time and scientific skill for the specific purpose of trying to make an invention or discovery, he is deemed to have sold his inventive powers to his employer and the latter is entitled to the results of the labor. (*Johnson Furnace & Engineering Co.* v. *Western Furnace Co.*, 178 Fed. 819; *Air Reduction Co.* v. *Walker*, 118 Misc. 827; *Standard Sanitary Mfg. Co.* v. *Arrott*, 135 Fed. 750; *Henry & Wright Mfg. Co.* v. *Rogers*, 136 Misc. 178.)

*Dowse* v. *Federal Rubber Co.* (254 Fed. 308), relied on by plaintiff, determined nothing to the contrary. Under the facts there present the employer became entitled to the invention. Here, however, Harrison was not financed by the corporation in his investigation; he was not employed to develop a new process; he was merely the general manager at a time when he discovered the process and it was in no way connected with his specific employment.

(3) The royalty agreement was voidable at most and subject to ratification by a majority of the stockholders. This agreement was ratified by a majority of the stockholders and by the unanimous vote of the directors. When the board of directors authorized the payment of the royalty to Harrison in September, 1920, the plaintiff was the owner of 65 shares of common and preferred stock out of a total of 1,000 shares. On May 7, 1928, when the stockholders were called together for the purpose of passing upon the resolution, there were 2,300 shares of common and preferred stock. Of that number 2,076 shares voted to ratify the resolution of the board of directors of September 22, 1920, and 221 shares, those of the plaintiff, voted against ratification, less than ten per cent of the outstanding stock. Of the number of shares voting to ratify, George S. Mahana owned 587 shares, and he was concededly the largest

individual stockholder other than defendant Harrison. Furthermore, at a subsequent meeting of the board of directors, Mahana introduced a resolution which was unanimously adopted, ratifying the original act of the board of directors in voting the royalty to Harrison. The act on the part of the board of directors complained of by the plaintiff was not fraudulent, nor was it *ultra vires*, and, therefore, with knowledge of the facts it may be ratified by a majority of the stockholders. (*Continental Insurance Co., Inc.,* v. *N. Y. & H. R. R. Co.,* 187 N. Y. 225; *Pollitz* v. *Wabash R. R. Co.* 207 id. 113; *Lewis* v. *Matthews,* 161 App. Div. 107, 114, 115.)

(4) The record does not disclose that any fraud was practiced upon the plaintiff. The novelty of the process was conceded by plaintiff's experts and by the president of one of the largest competitors of the defendant corporation; the books and records of the company were available to the plaintiff at all times; the books disclosed that $5,000 a year had been paid as royalty to Harrison; the annual statements show the royalty paid and to whom; the income tax returns likewise show the payment of these royalties; the corporation benefited from the use of the process; it received value for the royalty grant.

In these circumstances the verdict must be directed in favor of the defendants and the complaint dismissed. Submit findings of fact, conclusions of law and judgment, on notice.