■ DEBORAH GIBBER, Respondent, v NAOMI COLTON et al., Appellants. [33 NYS3d 719]—

Order, Supreme Court, New York County (O. Peter Sherwood, J.), entered January 31, 2014, which denied defendants' motion for summary judgment dismissing the cause of action for a declaration that plaintiff has been and continues to be a co-managing member of Charles K. Goldner, LLC, and order, same court and Justice, entered on or about June 4, 2015, which granted plaintiff's motion for partial summary judgment on that cause of action and declared that plaintiff remains a co-managing member of the company, unanimously affirmed, without costs. Order, same court and Justice, entered October 28, 2015, to the extent it ruled that the children of defendant Naomi Colton do not have voting rights under the company's operating agreement, unanimously affirmed, without costs.

Section 7.7 of the company's operating agreement provides that in a case of fraud, misfeasance or breach of the managing member's standard of care, "the Managing Member may be removed by a vote of all of the Members." Since plaintiff, who holds a 50% member interest in the company, was not included in the March 2012 vote to remove her as co-managing member, her removal did not comply with this section (*see Overhoff v Scarp, Inc.*, 12 Misc 3d 350, 362 [Sup Ct, Erie County 2005]; *see generally Lehey v Goldburt*, 90 AD3d 410 [1st Dept 2011]). As the operating agreement is not silent on voting issues, Limited Liability Company Law § 402 (f) does not avail defendants.

The motion court properly determined the issue of the Colton children's voting rights under the operating agreement. The record establishes that the issue had been raised by plaintiff in her motion for partial summary judgment and during an in-court proceeding on her subsequent order to show cause, and had been addressed by the court during various conferences with the parties.

We have considered defendants' remaining contentions and find them unavailing. Concur—Acosta, J.P., Renwick, Saxe, Richter and Gische, JJ.