Samsung Elec.s Co., Ltd. v MPEG LA, L.L.C. (2025 NY Slip Op 05327)

Samsung Elec.s Co., Ltd. v MPEG LA, L.L.C.

2025 NY Slip Op 05327

Decided on October 02, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 02, 2025

Before: Manzanet-Daniels, J.P., Friedman, Pitt-Burke, Rosado, Chan, JJ. 

Index No. 656312/22|Appeal No. 4810|Case No. 2024-05978|

[*1]Samsung Electronics Co., Ltd., Plaintiff-Respondent,
v
MPEG LA, L.L.C., Defendant-Appellant.

Sullivan & Cromwell LLP, New York (Garrard R. Beeney of counsel), for appellant.
Quinn Emanuel Urquhart & Sullivan, LLP, New York (William B. Adam of counsel), for respondent.

Order, Supreme Court, New York County (Melissa A. Crane, J.), entered September 10, 2024, which, to the extent appealed from as limited by the briefs, denied in part defendant's motion for leave to renew plaintiff's motion for summary judgment, or, alternatively, for relief from the judgment, unanimously affirmed, with costs.
Supreme Court providently denied leave to renew. Previously, this Court held that a June 2020 vote on an amendment by the parties to the agreement among licensors (AAL), which reduced plaintiff's royalty allocations, was invalid, as it "did not have the number of votes required to pass," and we affirmed the April 11, 2024 judgment of Supreme Court awarding damages to plaintiff (Samsung Elecs. Co., Ltd. v MPEG LA, L.L.C., 235 AD3d 603, 603-604 [1st Dept 2025]). In or around February 2024, after summary judgment was granted and after defendant appealed from the underlying order, but before judgment was entered, defendant purported to conduct another vote of the parties to the AAL, which resulted in a March 12, 2024 resolution purporting to ratify the prior invalid vote and to make that ratification retroactive to July 1, 2020, the effective date stated in the invalid amendment resolution.
Even assuming that the 2024 vote constitutes a "new fact[] not offered on the prior motion," it nonetheless would not "change the prior determination" (CPLR 2221[e][2]; see also N.Y. Park N. Salem Inc. v ADBH 22nd Floor Inc., 236 AD3d 573, 573-574 [1st Dept 2025]). Under the clear terms of the AAL, which sets the voting threshold for amendments to the contract itself (AAL § 6.1), the failure to receive enough votes renders the amendment void ab initio (see Gallagher v Crotty, 226 AD3d 426, 426-427 [1st Dept 2024]; see also Gibber v Colton, 140 AD3d 660, 660 [1st Dept 2016]; Kensington Terrace Apts., LLC v 160 Ocean Parkway Owners Corp., 23 Misc 3d 1105[A], 2009 NY Slip Op 50602[U], *3-4 [Sup Ct, Kings County 2009]). As such, there was no voidable action by someone purporting to have authority to be ratified (see Chemical Bank v Affiliated FM Ins. Co., 196 F3d 373, 375-376 [2d Cir 1999], cert denied 531 US 1074 [2001], quoting Holm v C.M.P. Sheet Metal, Inc., 89 AD2d 229, 232 [4th Dept 1982] ["Ratification is the express or implied adoption of the acts of another by one for whom the other assumes to be acting, but without authority," which "relates back [to] and supplies original authority" for a prior action]; compare Board of Mgrs. of Soho Greene Condominium v Clear, Bright & Famous LLC, 106 AD3d 462, 463 [1st Dept 2013]; Talbot v Harrison, 150 Misc 798, 799 [Sup Ct, New York County 1932], affd 240 AD 957 [1st Dept 1933]).
We disagree that granting leave to renew would be "in the interests of justice and substantive fairness" (Rancho Santa Fe Assn. v Dolan-King, 36 AD3d 460, 462 [1st Dept 2007]). On the contrary, plaintiff is entitled under the AAL to receive the royalties it has been awarded (see Samsung Elecs. Co., Ltd., 235 AD3d at 603). Upholding defendant's belated attempt to re-vote the amendment and make it apply at any time prior to March 2024, well after plaintiff challenged the validity of the 2020 vote and only in response to Supreme Court's now-affirmed determination, would be inequitable.
For the same reason, we decline to vacate the judgment "upon such terms as may be just" (CPLR 5015[a]), regardless of whether it constitutes "newly-discovered evidence" (CPLR 5015[a][2]; see also Nash v Port Auth. of N.Y. & N.J., 22 NY3d 220, 226 [2013]; Woodson v Mendon Leasing Corp., 100 NY2d 62, 68 [2003]).
We have considered defendant's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 2, 2025