■ In the Matter of JOSEPH PICA, Appellant, v ROGER BENNETT et al., Constituting the Board of Standards and Appeals of the City of New York, Respondents.—In a proceeding pursuant to CPLR article 78 to review (1) a determination of the respondent Board of Standards and Appeals of the City of New York, that a nonconforming use for the operation of a gasoline service station had been discontinued, thereby precluding an application for an extension of the use exception previously approved for the subject premises, and (2) a determination by that respondent dated June 10, 1987, which denied the petitioner's application for a use variance, the appeal is from a judgment of the Supreme Court, Richmond County (Cusick, J.), dated November 16, 1988, which dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

The petitioner Joseph Pica is the owner of the subject premises located at the intersection of Richmond Road and Vista Avenue in Richmond County. Prior to July 1973 the petitioner's predecessor in interest had operated a gasoline service station on those premises pursuant to a use exception granted in 1957. At the time the use exception was granted the subject premises had straddled a residence use district and a retail use district. In 1961 substantial amendments were made to the New York City Zoning Resolution. Pursuant thereto the subject premises was incorporated into an R1-2 residential zoning district in which neither gasoline service stations nor any other retail or commercial uses are permitted as of right. Thus, upon enactment of the amendments to the New York City Zoning Resolution the operation of a gasoline service station at the subject premises became a nonconforming use. New York City Zoning Resolution § 11-411, as amended in 1961, permits an extension of a use exception granted under the pre-1961 New York City Zoning Resolution. The extension may be for one or more terms of not more than 10 years each. In 1972, upon the expiration of the use exception granted in 1957, the respondent Board of Standards and Appeals of the City of New York (hereinafter the Board) granted a 10-year extension of the gasoline service station use exception pursuant to New York City Zoning Resolution § 11-411 with an expiration date of January 15, 1982.

The petitioner acquired title to the premises in 1981. In January 1986 the petitioner applied for a further extension of the use exception. The Board rejected the extension application on the ground that the gasoline service station use had been discontinued in July 1973 and for a period in excess of two years. New York City Zoning Resolution § 52-61, as amended in 1961, provides: "If, for a continuous period of two years, either the *non-conforming use of land with minor improvements* is discontinued, or the active operation of substantially all the *non-conforming uses* in any *building or other structure* is discontinued, such land or *building or other structure* shall thereafter be used only for a conforming *use.*" In rejecting the application, the Board advised the petitioner that he could apply for a variance pursuant to New York City Zoning Resolution § 72-21.

The petitioner applied for a variance. Thereafter, by resolution dated June 2, 1987, the Board denied the petitioner's variance application, concluding that the petitioners had failed to establish that the unique physical conditions of the

premises were such that compliance with the use provisions would cause practical difficulties or unnecessary hardship or render it impossible to obtain a reasonable return on the property (see, NY City Zoning Resolution § 72-21). The petitioner then commenced this proceeding pursuant to CPLR article 78. The Supreme Court, Richmond County, in a decision dated November 23, 1987, held that the Board's denial of the petitioner's variance application was supported by the evidence before it but it remitted the matter to the Board on the issue of the alleged discontinuance of the gasoline service station use. Following a hearing, the Board determined that the prior use exception had been discontinued, thereby precluding the petitioner from applying for an extension of the prior gasoline service station use exception.

The petitioner then sought review of the determination of the Board with respect to the extension of the use exception. The Supreme Court held that a discontinuance of the prior nonconforming use was established by the evidence and, therefore, the determination by the Board that the petitioner was not eligible to apply for an extension of the use exception was not arbitrary and capricious. This appeal ensued.

The Supreme Court correctly held that the finding by the Board of a discontinuance of the nonconforming use for a period of more than two years was based on substantial evidence in the record (see, NY City Zoning Resolution § 52-61; *Matter of Prudco Realty Corp. v Palermo,* 60 NY2d 656). In connection with a 1975 application to change the use of the subject premises from a gasoline service station to a retail store, the petitioner's predecessor stated that he had discontinued the gasoline service station operation as of July 1973 due to the energy shortage. Supporting documentation included a photograph of the premises showing that the gasoline pumps had been removed. In March 1976 the Department of Buildings of the City of New York Housing and Development Administration sought the revocation of the certificate of occupancy for the subject premises on the ground that the gasoline service station use had been discontinued for a period in excess of two years. Evidence of the discontinued use was submitted in the form of a December 1973 letter from the petroleum supplier indicating that no products had been purchased since May 1973 and the premises had been boarded up, an October 1985 letter from Con Edison stating that no electric service had been provided to the subject premises from July 26, 1973, to June 9, 1975, and a June 1976 letter from the attorney for the then owner of the subject premises

also indicating that the property had not been used as a gasoline service station since 1973. This evidence effectively demonstrates that the nonconforming use had been discontinued for a period of over two years and, thus, the Board was without authority to grant an extension of the use exception pursuant to New York City Zoning Resolution § 52-61. Contrary to the petitioner's contention, no issue exists with respect to his intent to abandon such nonconforming use. The effect of New York City Zoning Resolution § 52-61 is to supply the element of intent. The discontinuance of the nonconforming use for the statutory period establishes the abandonment of the nonconforming use as a matter of law regardless of the owner's intention *(see, Two Wheel Corp. v Fagiola,* 96 AD2d 1098; *Matter of Sun Oil Co. v Board of Zoning Appeals,* 57 AD2d 627, *affd* 44 NY2d 995).

We further reject the petitioner's claim that the Board should be estopped from determining that the nonconforming use has been discontinued. The basis of the petitioner's estoppel argument is that in 1977, in a separate action to revoke the certificate of occupancy for the subject premises, the Supreme Court had directed the Board to hold a hearing to determine whether an abandonment of the gasoline service station use had occurred. No hearing was held pursuant to the court order. The petitioner alleges, therefore, that in purchasing the subject premises he relied to his detriment on the unrevoked certificate of occupancy which permitted the operation of a gasoline service station. Strong policy reasons "foreclose estoppel against a governmental entity in all but the rarest cases" *(Matter of Parkview Assocs. v City of New York,* 71 NY2d 274, 282, *cert denied* 488 US 801). Under the circumstances of this case, particularly where the prior action had been commenced by a stranger to these proceedings, we do not find that the doctrine of estoppel may be imposed *(see, Matter of Parkview Assocs. v City of New York, supra; Matter of E.F.S. Ventures Corp. v Foster,* 71 NY2d 359).

Lastly, we turn to the issue of the Board's denial of the petitioner's application for a use variance. It is well established that the courts may set aside a zoning board's determination only where the record reveals some illegality, arbitrariness or abuse of discretion *(see, Matter of Consolidated Edison Co. v Hoffman,* 43 NY2d 598, 608; *Matter of Cowan v Kern,* 41 NY2d 591, 598). Where a use variance is sought, the applicant must meet the stringent requirement of showing practical difficulties and unnecessary hardship *(see, Matter of Consolidated Edison Co. v Hoffman, supra,* at 607). The requirements

for demonstrating unnecessary hardship have been reduced to five factors enumerated in New York City Zoning Resolution § 72-21. The Board found insufficient proof to establish two of the factors, to wit: (1) unique physical characteristics which would create unnecessary hardship in complying with the New York City Zoning Resolution, and (2) *no* reasonable possibility that the development of the zoning lot in strict conformity with the New York City Zoning Resolution would not enable the owner to realize a reasonable return. We agree that the petitioner failed to introduce sufficient evidence to establish that the unique physical characteristics of the subject property cause it to be inherently unsuitable for residential use or to show that he could not realize a reasonable return by a conforming use. Indeed, the record is totally devoid of "dollar and cents" proof demonstrating an inability to realize a reasonable return under existing permissible uses *(see, Matter of Village Bd. v Jarrold,* 53 NY2d 254, 257). Under the circumstances, the Board's decision was not illegal, arbitrary or an abuse of discretion. Mangano, P. J., Thompson, Bracken and Eiber, JJ., concur.