◼ In the Matter of New Venture Realty, Ltd., Respondent, v Robert Fennell, as Code Enforcement Officer of the Town of Rhinebeck, et al., Appellants. [620 NYS2d 99] —In a proceeding pursuant to CPLR article 78 to review a determination of the members of the Zoning Board of Appeals for the Town of Rhinebeck, dated May 6, 1992, which, after a hearing, found that a "light manufacturing" nonconforming use on the petitioner's property had terminated by reason of its abandonment for a period of one year or more, the appeal is from a judgment of the Supreme Court, Dutchess County (Jiudice, J.), dated June 18, 1993, which granted the petition and annulled the determination.

Ordered that the judgment is reversed, on the law, with costs, the petition is denied, the determination is confirmed, and the proceeding is dismissed on the merits.

In February 1988 the petitioner New Venture Realty, Ltd. (hereinafter New Venture) took title to certain real property situated in the Town of Rhinebeck. Although located in a residentially-zoned area, the parcel had previously been used for the manufacturing of wallpaper as a nonconforming "light manufacturing" use. One year after New Venture acquired

the premises, the appellant Robert Fennell, who is a code enforcement officer, notified New Venture that the noncon- forming use had been terminated by reason of the lack of any manufacturing at the premises for a period of well over one year. New Venture appealed Fennell's decision to the Zoning Board of Appeals for the Town of Rhinebeck (hereinafter the Board), which, after an extensive hearing, issued a determina- tion dated May 6, 1992, upholding Fennell's decision. The Board relied upon, *inter alia,* New Venture's admission that no manufacturing of wallpaper had occurred on the premises since at least some point in 1987, although the premises had been used for the storage and sale of wallpaper. New Venture thereupon commenced the instant proceeding to review the Board's determination. In a judgment dated June 18, 1993, the Supreme Court annulled the Board's determination, reasoning that the continued sale and storage of wallpaper at the premises constituted permitted uses in an industrial district, and therefore the nonconforming use had not been termi- nated. We reverse and dismiss the proceeding.

It is well settled that the scope of judicial review of the Board's determination is limited to an examination of whether it has a rational basis and is supported by substantial evi- dence *(see, Matter of Fuhst v Foley,* 45 NY2d 441; *Matter of Smith v Board of Appeals,* 202 AD2d 674). It is clear in this case that the subject property is located in a residential zone; hence, the reliance of New Venture and the Supreme Court upon the variety of uses which are permitted in an industrial district is inapposite. The property enjoyed the benefit of a nonconforming "light manufacturing" use, not a generalized "industrial" classification. Pursuant to Town of Rhinebeck Code § IX (A) (4), a lawful nonconforming use "[s]hall not be reestablished if such use has been discontinued for any reason, whether through vacancy or cessation of use, for a period of one (1) calendar year or longer". We find that the Board's conclusion that a "light manufacturing" use requires actual manufacturing and is not satisfied by mere storage and sales of material is entirely rational. Moreover, there is ample evidence in the record to support the Board's determination that no manufacturing had occurred on the subject premises for a period of at least one year, and that the nonconforming "light manufacturing" use therefore had terminated by reason of its cessation for one year or more *(see generally, Matter of Spicer v Holihan,* 158 AD2d 459). Accordingly, the proceeding challenging the Board's determination must be dismissed. Sullivan, J. P., Miller, O'Brien and Krausman, JJ., concur.