■ In the Matter of WILLIAM SADLER et al., Appellants, v ZONING BOARD OF APPEALS OF THE TOWN OF UNION VALE, Respondent. [658 NYS2d 127] —In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Town of Union Vale dated July 5, 1995, which adhered to a prior determination dated May 3, 1995, reversing a determination of the Code Enforcement Officer of the Town of Union Vale that a nonconforming use had been abandoned, the petitioners appeal from a judgment of the Supreme Court, Dutchess County (Hillery, J.), dated February 22, 1996, which denied the petition.

Ordered that the judgment is affirmed, with costs.

The instant case involves a restaurant/bar establishment known as the Verbank Village Inn (hereinafter the Inn) which had been operating for many years as a lawful nonconforming use in a residential zone. Section 90-108 of the Code of the Town of Union Vale (hereinafter the Code) provides that "[w]henever a nonconforming use has been discontinued for a period of one (1) calendar year, such use shall not thereafter be reestablished". In November 1994, the Inn, which had apparently been closed since about the beginning of 1994, was purchased by Frederick H. Aakjar, who began to take steps to reopen the Inn. In early 1995, the Code Enforcement Officer of the Town of Union Vale (hereinafter the Town), relying upon section 90-108 of the Code, issued a cease and desist order. Aakjar appealed to the Zoning Board of Appeals of the Town of Union Vale (hereinafter the ZBA), and, after two hearings, the ZBA determined that the Inn had not lost its status as a nonconforming use pursuant to the Code as a result of abandonment. The petitioners, who own neighboring homes, thereafter commenced this CPLR article 78 proceeding to annul the ZBA's determination. The Supreme Court sustained the ZBA's determination and denied the petition.

It is well settled that a determination of a zoning board will be upheld provided that it has a rational basis and is supported by substantial evidence *(see, Matter of Shorelands, Inc. v Matthew,* 230 AD2d 862; *Matter of New Venture Realty v Fennell,* 210 AD2d 412). Under such circumstances a reviewing court may not substitute its judgment for that of the zoning board, even if the court might have decided the matter differently *(see, Matter of Toys "R" Us v Silva,* 89 NY2d 411; *Matter of Saladino v Fernan,* 204 AD2d 554).

While the petitioners are correct that the ZBA improperly

considered the owner's intent to abandon or resume the nonconforming use, since intent is not a factor to be considered *(see, Matter of Toys "R" Us v Silva,* 89 NY2d 411, 421, *supra; Matter of Sun Oil Co. v Board of Zoning Appeals,* 57 AD2d 627, *affd* 44 NY2d 995; *Matter of Pica v Bennett,* 164 AD2d 859; *Village of Spencerport v Webaco Oil Co.,* 33 AD2d 634), there was sufficient other evidence before the ZBA which supports its determination. The record shows that the Inn was used to stage a New Year's Eve party before the expiration of the statutory one-year period. This was sufficient to sustain the ZBA's determination that the nonconforming use had not been abandoned *(see, Matter of Marzella v Munroe,* 69 NY2d 967; *Town of Islip v P.B.S. Marina,* 133 AD2d 81; *Baml Realty v State of New York,* 35 AD2d 857). The fact that the Inn operated without the necessary liquor license or health permit does not change the fact that the nonconforming use was continued *(see, Matter of Kennedy v Zoning Bd. of Appeals,* 205 AD2d 629; 1 Anderson, New York Zoning Law and Practice § 6.12, at 219-220 [3d ed]). Miller, J. P., Ritter, Joy and Krausman, JJ., concur.