■ In the Matter of the Estate of MADELINE CUOMO, Appellant, v EDWARD RUSH et al., Respondents. [708 NYS2d 695] —In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals for the Town of Southampton, dated December 18, 1997, which denied the petitioner's application for a determination that a pre-existing nonconforming use had not been abandoned, the appeal is from a judgment of the Supreme Court, Suffolk County (Kitson, J.), entered May 17, 1999, which, *inter alia,* denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

The determination of the Zoning Board of Appeals that the petitioner had abandoned its pre-existing nonconforming use of the subject property as a nightclub has a rational basis and is supported by substantial evidence (*see, Matter of Fuhst v Foley,* 45 NY2d 441; *Human Dev. Servs. v Zoning Bd. of Appeals,* 110 AD2d 135, *affd* 67 NY2d 702). The Code of the Town of Southampton provides, in relevant part, that a nonconforming use shall be deemed to have been abandoned "when it has not in fact been actually used for a continuous period of three (3) years" (Code of Town of Southampton § 330-118 [A] [2]). Contrary to the petitioner's contention, that provision does not mandate a complete cessation of the use in order to constitute an abandonment (*cf., Matter of Sadler v Zoning Bd. of Appeals,* 240 AD2d 505; *Town of Islip v P.B.S. Marina,* 133 AD2d 81; *Baml Realty v State of New York,* 35 AD2d 857). Rather, the phrase "actually used" is qualifying language which specifically equates abandonment with something less than total discontinuance of the nonconforming use (*see, Matter of Toys "R" Us v Silva,* 89 NY2d 411).

Here, it is undisputed that the nightclub at issue opened only one night per year from 1993 to 1996 for a four- to six-hour annual holiday party attended by approximately 20 to 40 friends and business acquaintances of Robert Cuomo, the son of the deceased Madeline Cuomo. Moreover, at the hearing before the Zoning Board of Appeals, the attorney for the petitioner admitted that these parties were held for the sole purpose of maintaining the nightclub's status as a nonconforming use. Based on the foregoing, the premises were not "actu-

ally used" as a nightclub for a continuous three-year period. Joy, J. P., Sullivan, Friedmann and H. Miller, JJ., concur.