In the Matter of LAWRENCE SAVETSKY et al., Respondents, v BOARD OF ZONING APPEALS OF THE TOWN OF SOUTHAMPTON et al., Appellants. [774 NYS2d 188]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Zoning Appeals of the Town of Southampton dated October 4, 2001, which granted the application of 125 Yanks, Inc., for an area variance, the Board of Zoning Appeals of the Town of Southampton and 125 Yanks, Inc., separately appeal from a judgment of the Supreme Court, Suffolk County (Floyd, J.), dated September 3, 2002, which granted the petition and annulled and vacated the determination.

Ordered that the judgment is reversed, on the law, with costs, the petition is denied, the proceeding is dismissed, and the determination of the Board of Zoning Appeals of the Town of Southampton dated October 4, 2001, is reinstated.

The property at issue is located in the Town of Southampton, and is improved with several buildings constituting a nonconforming multi-family use (see Matter of Toys "R" Us v Silva, 89 NY2d 411 [1996]) under the applicable zoning regulations (see Code of Town of Southampton §§ 330-6, 330-10, 330-105). The previous owner let the buildings fall into disrepair and in August 1997 an injunction was issued prohibiting the use or occupancy of the property until the owner complied with the applicable town, building, and fire codes. The previous owner took no action to repair the buildings, instead selling the property in November 1998 to the present owner, 125 Yanks, Inc. (hereinafter Yanks).

In November 1999 Yanks applied for an area variance to expand the nonconforming use (see Town Law § 267 [1] [b]). The petitioners, Lawrence Savetsky and Gudrun Savetsky, objected to the application, inter alia, on the ground that the property owners had voluntarily discontinued the nonconforming use for a period of more than 12 months, effecting an abandonment pursuant to the Code of Town of Southampton § 330-118 (A) (hereinafter the Code). After a hearing, the Board of Zoning Appeals of the Town of Southampton (hereinafter the Board) determined, inter alia, that there was no evidence of vol-

untary discontinuance, since it was the August 1997 injunction against use and occupancy that prevented the owners from continuing the nonconforming use.

The Savetskys brought this proceeding to review the Board's determination. In granting the petition, the Supreme Court held that the Board's determination as to the involuntary nature of the discontinuance was not supported by substantial evidence.

Judicial review of the determination of a local zoning board is limited to considering whether the board's action was illegal, arbitrary, or an abuse of discretion (*see Matter of Ifrah v Utschig,* 98 NY2d 304, 308 [2002]). In line with this, "the determination of a zoning board regarding the continuation of a preexisting nonconforming use must be sustained if it is rational and supported by substantial evidence, even if the reviewing court would have reached a different result" (*Matter of P.M.S. Assets v Zoning Bd. of Appeals of Vil. of Pleasantville,* 98 NY2d 683, 685 [2002]). Here, the Board determined that the nonconforming use had not been abandoned because, initially, it was discontinued pursuant to a court-ordered injunction, thus making the 12-month period for a finding of abandonment for a voluntary discontinuance inapplicable. This is supported by proof that in spite of numerous code violations over the years, the prior owner had continued its nonconforming use and had only discontinued said use after the issuance of the injunction forbidding its continuation.

Since there is evidence in the record that supports the Board's conclusion that the nonconforming use of the subject property had not been voluntarily abandoned, it was improper for the Supreme Court to find otherwise and, on that basis, to vacate the Board's determination. The record also shows that the Board's findings with respect to the petitioners' other contentions were not illegal, arbitrary, or an abuse of discretion.

Accordingly, the petition should have been denied, the proceeding dismissed, and the determination of the Board of Zoning Appeals of the Town of Southampton dated October 4, 2001, is reinstated. Krausman, J.P., Schmidt, Cozier and Mastro, JJ., concur.