In the Matter of SIGMA GAMMA FRATERNITY, INC., Appellant, v FRANK J. BARILLA et al., Constituting the City of Oswego Zoning Board of Appeals, Respondents. [810 NYS2d 698]—

Appeal from a judgment of the Supreme Court, Oswego County (John J. Elliott, A.J.), entered February 25, 2005 in a proceeding pursuant to CPLR article 78. The judgment confirmed a determination of respondents.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking, inter alia, to annul the determination of respondents, members of the City of Oswego Zoning Board of Appeals (ZBA), affirming the determination of the Zoning Administrator of the City of Oswego that petitioner abandoned the prior nonconforming use of its property as a fraternity house. Supreme Court properly confirmed the ZBA's determination. Pursuant to section 280-81 (C) of the Code of the City of Oswego, abandonment of a nonconforming use occurs "[i]f active and continuous operations or occupancy are ceased by a nonconforming use for an uninterrupted period of one calendar year or more." The ordinance thus "equates abandonment with

something less than discontinuance of the entire nonconforming use" (*Matter of Toys "R" Us v Silva*, 89 NY2d 411, 420 [1996]; *see Matter of Estate of Cuomo v Rush*, 273 AD2d 234 [2000]), and the inclusion of a specific lapse period of at least one calendar year in the ordinance renders petitioner's intent to resume the nonconforming use irrelevant with respect to the issue of abandonment (*see Toys "R" Us*, 89 NY2d at 421; *Matter of Sadler v Zoning Bd. of Appeals of Town of Union Vale*, 240 AD2d 505, 506 [1997]; *Matter of Spicer v Holihan*, 158 AD2d 459, 460 [1990]). The ZBA's determination that petitioner abandoned the nonconforming use is consistent with the terms of the ordinance, has a rational basis and is supported by substantial evidence in the record (*see Toys "R" Us*, 89 NY2d at 422-424; *Matter of New Venture Realty v Fennell*, 210 AD2d 412, 413 [1994]). Contrary to petitioner's further contention, the ZBA's conclusion that petitioner's abandonment of the nonconforming use was not involuntary is supported by substantial evidence (*cf. Matter of Savetsky v Board of Zoning Appeals of Town of Southampton*, 5 AD3d 779, 780 [2004], *lv denied* 3 NY3d 604 [2004]). Present—Scudder, J.P., Kehoe, Martoche, Green and Hayes, JJ.