■ In the Matter of SHIRLEY P. ECCLESTON et al., Appellants, v TOWN OF ISLIP ZONING BOARD OF APPEALS et al., Respondents. [836 NYS2d 637]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Town of Islip Zoning Board of Appeals, dated July 20, 2004, granting the application of Fire Island Holdings, Inc., to establish various uses of the subject property as legal nonconforming uses, the petitioners appeal (1) from a judgment of the Supreme Court, Suffolk County (Costello, J.), entered February 2, 2006, which, upon a decision of the same court dated May 6, 2005, denied the petition and dismissed the proceeding, and (2) from so much of an order of the same court dated January 26, 2006, as denied that branch of their motion which was for leave to renew the petition.

Ordered that the judgment is reversed, on the law, the petition is granted, the determination is annulled, and the application is denied; and it is further,

Ordered that the appeal from the order is dismissed as academic in light of our determination of the appeal from the judgment; and it is further,

Ordered that one bill of costs is awarded to the petitioners payable by Fire Island Holdings, Inc., and Tequila Jacks, Inc.

The Supreme Court erred in determining that the Code of the Town of Islip (hereinafter the Town Code) permitted Fire Island Holdings, Inc., to establish a legal nonconforming use of the subject property merely by demonstrating, inter alia, that "the property was not abandoned for a period in excess of one year." Town Code § 68-15 (B) provides that the "substantial discontinuance of any nonconforming use for a period of one year or more terminates such nonconforming use of a structure or premises." While an "abandonment" of a legal nonconforming use requires "a complete cessation" of the nonconforming use (*Matter of Marzella v Munroe,* 69 NY2d 967, 968 [1987]), a "substantial discontinuance" of a legal nonconforming use requires something less than a complete cessation of that use (*see Matter of Toys "R" Us v Silva,* 89 NY2d 411, 421 [1996]).

The determination of a zoning board of appeals regarding the continuation of a pre-existing, nonconforming use of a property must be sustained if it is rational and supported by evidence in the record, even if a reviewing court would have reached a different result (*see Matter of P.M.S. Assets v Zoning Bd. of Appeals of Vil. of Pleasantville,* 98 NY2d 683, 685 [2002]; *Matter of Zupa v Zoning Bd. of Appeals of Town of Southold,* 31 AD3d 570, 571 [2006]; *Matter of Savetsky v Board of Zoning Appeals of Town of Southampton,* 5 AD3d 779, 780 [2004]). Here, the determination of the Town of Islip Zoning Board of Appeals (hereinafter the ZBA), approving the establishment of nonconforming uses of the subject property for a restaurant and bar with outside service, a marina, and a ferry landing, with outside entertainment, was irrational and not based upon evidence in the record. All of the nonconforming uses were substantially discontinued for a period of more than one year within the meaning of Town Code § 68-15 (B).

The certificate of occupancy for the subject premises clearly stated that the restaurant and bar that had been operated on the premises were closed from March 1981 through August 1989. It is undisputed that from April 1988 through May 1989 the subject property was owned by the County of Suffolk due to nonpayment of taxes, and that no commercial ventures were in operation. A letter dated June 4, 1990, from the Commissioner of the Town of Islip Department of Building and Engineering to the attorney for the former owner of the subject property, stated that the "use of the property for a restaurant and hotel has not been abandoned even though the facility was not used for over one year." An affidavit submitted by one of the owners of a

restaurant that was operated on the premises from 1989 through 1991 stated that the premises were used solely as a restaurant and bar during that three-year period, without outside service or entertainment, and that no marina or ferry terminal was in operation during that period. This evidence, some of which was submitted by the current owner of the premises in support of its application to establish nonconforming uses, conclusively proves that the nonconforming uses were substantially discontinued for a period of more than one year. Thus, the determination of the ZBA that the nonconforming uses did not run afoul of Town Code § 68-15 (B) was irrational and not based on the evidence in the record. Furthermore, the determination of the ZBA, insofar as it granted the portion of the application which sought to establish the use of a ferry terminal as a nonconforming use, was irrational because the ZBA specifically found that the subject premises were never used as a ferry terminal, yet it nevertheless granted that portion of the application.

Accordingly, the Supreme Court should have granted the petition and annulled the determination. Mastro, J.P., Santucci, Skelos and Dickerson, JJ., concur.