OPINION OF THE COURT
Memorandum.
Judgments of conviction reversed, on the law and as a matter of discretion in the interest of justice, accusatory instruments dismissed and fines, if paid, remitted.
Defendant was convicted of engaging in certain regulated activities without a permit therefor as required by section 37-11 of the Code of the Town of Southold, and of “clear cutting” in violation of section 100-259 of the Code.
On appeal, defendant contends that the evidence was legally insufficient to establish his guilt of violating sections 37-11 and 100-259. Although this issue was not preserved for appellate review (see CPL 470.05 [2]), we reach this issue as a matter of discretion in the interest of justice (CPL 470.15 [6] [a]).
Section 37-11 of the Code provides that “no person may engage in any regulated activity in an erosion hazard area . . . without first obtaining a coastal erosion permit.” A regulated activity is defined under section 37-6 of the Code as “[t]he construction, modification, restoration or replacement of a structure or major addition to a structure or any action or use of land which materially alters the condition of land including grading, excavating, dumping, mining, dredging, filling or other disturbance of the soil.” The People assert that defendant “clear cut” the property, which, they argue, constitutes a regulated activity for which defendant had no permit. The proof adduced at trial, however, establishes that the extent of defendant’s activity with respect to the land was his use of a “hedge hog mower” upon the vegetation. A reading of section 37-6 indicates that to constitute a regulated activity, there must be a material alteration of the condition of the land or a disturbance of the soil to an extent greater than that caused by defendant’s actions. Accordingly, defendant’s conviction of violating section 37-11 must be reversed and the accusatory instrument charging same dismissed, as the evidence was legally insufficient to establish that defendant engaged in any regulated activity.
*45 Section 100-259 of the Code provides that
“[n]o person shall undertake or carry out land clearing including grading, clearing, cutting and filling, excavating or tree removal associated therewith, without first having obtained site plan approval. Weeding, gardening, mowing and the selective pruning of vegetation or selective cutting of diseased or dead trees shall not be included herein.”
The People charged defendant with “clear cut[ting]” the property in violation of section 100-259. The proof adduced at trial, however, established that defendant’s activities were limited to his use of a mower, and mowing vegetation is expressly permitted under section 100-259. Consequently, the judgment convicting defendant of violating section 100-259 of the Code must similarly be reversed, and the accusatory instrument charging same dismissed, as the evidence was legally insufficient to establish that defendant committed any of the proscribed activities set forth in said section.
In view of the foregoing, we pass upon no other issue raised on appeal.
Rudolph, EJ., McCabe and Tanenbaum, JJ., concur.