■ In the Matter of GREENCOVE ASSOCIATES, LLC, Petitioner, v TOWN BOARD OF THE TOWN OF NORTH HEMPSTEAD et al., Respondents. [929 NYS2d 325]—

The petitioner is the owner of a 5.26 acre parcel of property that is improved by a commercial shopping center. In 1959, when a zoning change permitting the construction of the original shopping center was approved, a restriction was imposed requiring the maintenance of a landscaped buffer along the por-

tion of the property that borders Town Path Road, which is adjacent to a residential neighborhood. In 1999, the Town Board of the Town of North Hempstead (hereinafter the Town Board) approved the petitioner's site plan application to expand the shopping center, subject, among other things, to conditions that required certain improvements to the landscaped buffer. Following this 1999 expansion, the landscaped buffer measured, on average, 22 feet in width.

In 2010, the petitioner, seeking to further expand the shopping center, submitted an application for approval to construct a new 10,000 square foot structure in the southwest corner of the property, the portion that borders Town Path Road. As proposed, the new structure would encroach on the existing landscaped buffer, reducing it, in the area directly behind the building, to a width of four or five feet. The application was reviewed, pursuant to General Municipal Law § 239-m, by the Nassau County Planning Commission (hereinafter NCPC), which recommended, among other things, a modification reducing the size of the new structure to approximately 6,800 square feet. This modification would "enable the structure to better fit into the irregular-shaped site and be relocated further from the property line while maintaining the existing buffer, in accordance with the conditions placed on the property in 1999." After a public hearing, the Town Board approved the site plan application subject, among other things, to this NCPC modification. The petitioner then commenced the instant CPLR article 78 proceeding seeking to have this condition stricken and annulled.

The Supreme Court erred in transferring the proceeding to this Court pursuant to CPLR 7804 (g), since the determination to be reviewed was not made after a hearing held pursuant to direction of law at which evidence was taken (see CPLR 7803 [4]; Matter of Sasso v Osgood, 86 NY2d 374, 384 [1995]; Matter of Navaretta v Town of Oyster Bay, 72 AD3d 823, 824 [2010]; Matter of Halperin v City of New Rochelle, 24 AD3d 768, 769 [2005]). Accordingly, the determination is not subject to substantial evidence review. Rather, the question before us is "whether the determination was affected by an error of law, or was arbitrary and capricious or an abuse of discretion, or was irrational" (Matter of Zupa v Board of Trustees of Town of Southold, 54 AD3d 957, 957 [2008]; see CPLR 7803 [3]; Matter of Halperin v City of New Rochelle, 24 AD3d at 770). Nevertheless, since the full administrative record is before us, in the interest of judicial economy, we will decide the proceeding on the merits (see Matter of Navaretta v Town of Oyster Bay, 72 AD3d at 824; Matter of Silvera v Town of Amenia Zoning Bd. of

*Appeals*, 33 AD3d 706, 707 [2006]; *Matter of Halperin v City of New Rochelle*, 24 AD3d at 772-773).

The petitioner's challenge to the condition requiring a reduction in the size of the proposed building is without merit. Town Law § 274-a (2) (a) authorizes a town board to review site plans which describe proposed land use elements, including those elements which relate to "parking, means of access, screening, signs, landscaping, architectural features, location and dimensions of buildings, adjacent land uses and physical features meant to protect adjacent land uses as well as any additional elements specified by the town board in such zoning ordinance or local law" (Town Law § 274-a [2] [a]; *see Matter of Home Depot, U.S.A. v Town Bd. of Town of Hempstead*, 63 AD3d 938, 939 [2009]). The Code of the Town of North Hempstead provides that, in determining whether to approve, approve with modifications, or disapprove a site plan, the Town Board shall consider, among other things, the "[o]verall impact on the neighborhood, including compatibility of design considerations and adequacy of screening from residential properties" (Code of the Town of North Hempstead § 70-219 [E] [1]; [B]).

Contrary to the petitioner's contentions, the contested condition was within the Town Board's power to impose and was not affected by an error of law, arbitrary and capricious, an abuse of discretion, or irrational. "[A] condition may be imposed upon property so long as there is a reasonable relationship between the problem sought to be alleviated and the application concerning the property" (*Matter of International Innovative Tech. Group Corp. v Planning Bd. of Town of Woodbury, N.Y.*, 20 AD3d 531, 533 [2005]; *Matter of Mackall v White*, 85 AD2d 696 [1981]). Here, the contested condition was a reasonable means of assuring that the existing landscaped buffer, which was designed to screen the adjacent residential neighborhood from the effects of the shopping center, would be preserved (*see Matter of International Innovative Tech. Group Corp. v Planning Bd. of Town of Woodbury, N.Y.*, 20 AD3d at 533; *Matter of Koncelik v Planning Bd. of Town of E. Hampton*, 188 AD2d 469, 470 [1992]). Although the proposed 10,000 square foot building was dimensionally code compliant (*see generally Moriarty v Planning Bd. of Vil. of Sloatsburg*, 119 AD2d 188, 191 [1986]), a structure of such size could not be placed into the southwest corner of the lot without encroaching on the existing buffer. Accordingly, the determination must be confirmed insofar as reviewed, and the petition must be denied and the proceeding dismissed. Mastro, J.P., Angiolillo, Chambers and Cohen, JJ., concur.