Proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Town of Clinton dated September 23, 2010, which, after a hearing, determined that Ernest Klopping required an area variance rather than a use variance to eliminate the lot line on his real property, and granted the area variance.
Adjudged that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, with one bill of costs to the respondents appearing separately and filing separate briefs.
The Supreme Court erred in transferring the proceeding to this Court pursuant to CPLR 7804 (g), since the determination to be reviewed was not made after a quasi trial-type hearing at which evidence was taken, held pursuant to direction of law (see CPLR 7803 [4]; Matter of Sasso v Osgood, 86 NY2d 374, 384 [1995]; Matter of Greencove Assoc., LLC v Town Bd. of the Town of N. Hempstead, 87 AD3d 1066, 1067-1068 [2011]). Accordingly, the determination is not subject to substantial evidence review. Rather, the question before us is “whether the determination was affected by an error of law, or was arbitrary and capricious or an abuse of discretion, or was irrational” (Matter of Greencove Assoc., LLC v Town Bd. of the Town of N. Hempstead, 87 AD3d at 1067 [internal quotation marks omitted]; see CPLR 7803 [3]; Matter of Halperin v City of New Rochelle, 24 AD3d 768, 769-771 [2005]). Nevertheless, since the full administrative record is before us, in the interest of judicial economy, we will decide the proceeding on the merits (see Matter of Haberman v Zoning Bd. of Appeals of Town of E. Hampton, 85 AD3d 1170 [2011]; Matter of Navaretta v Town of Oyster Bay, 72 AD3d 823, 824 [2010]; Matter of Zupa v Board of Trustees of Town of Southold, 54 AD3d 957, 958 [2008]).
Edwin Jacoby and Mildred Jacoby (hereinafter together the Jacobys) owned real property next door to real property owned by Ernest Klopping. Klopping’s property comprised two sepa *748 rate, adjacent lots. Klopping’s father had owned a small repair shop, and, after his father’s death, Klopping continued the repair business, which included a junkyard upon which he kept vehicles used for car parts for the business. In 1981 the Town of Clinton enacted its current zoning laws, and Klopping’s repair business was grandfathered in as a preexisting, nonconforming use of the property.
Beginning in 2006, Klopping proposed building a 3,200-square-foot barn-like structure on his property to house the cars stored in the junkyard. The Town of Clinton Zoning Board of Appeals (hereinafter the ZBA) determined in 2009 that the proposed building would constitute a reduction in the nonconforming use since it would eliminate the junkyard. From the time Klopping first proposed to erect the building, the Jacobys opposed the construction of the building.
On September 23, 2010, the ZBA determined that Klopping required an area variance rather than a use variance to eliminate the lot line on his property, and thereupon combine his two lots into a single parcel in order to build the structure, and, among other things, granted the area variance. Jacoby Real Property, LLC, a limited liability company formed and owned by the Jacobys, which currently has title to the Jacobys’ real property (hereinafter the petitioner), commenced this proceeding to challenge that determination.
When the petitioner commenced this CPLR article 78 proceeding, it initially named only the ZBA and its members as respondents (hereinafter the ZBA respondents). Thereafter, Klopping’s attorney contacted the petitioner, seeking an adjournment to allow Klopping to seek leave to intervene in the proceeding. The petitioner agreed to add Klopping as a named respondent, and served an amended petition. Klopping accepted service. Thereafter, the ZBA respondents and Klopping filed separate motions to dismiss the petition for failure to join a necessary party.
Exercising our power to review the procedural claims asserted by the ZBA respondents and Klopping (see CPLR 7804 [g]; Matter of Wittie v State of N.Y. Off. of Children & Family Servs., 55 AD3d 842 [2008]; Matter of Desmone v Blum, 99 AD2d 170, 177 [1984]), we conclude that the Supreme Court properly denied the separate motions to dismiss the petition for failure to timely join Klopping as a necessary party. Klopping voluntarily participated in the proceeding by seeking leave to intervene, the petitioner agreed to amend the petition to add him as a named respondent, and Klopping agreed to accept service. Under these circumstances, joinder, rather than dismissal, was appropriate *749 (see generally Windy Ridge Farm v Assessor of Town of Shandaken, 11 NY3d 725 [2008]; see Matter of Town of Preble v Zagata, 250 AD2d 912 [1998]; Matter of Rent Stabilization Assn. of N.Y. City v New York State Div. of Hous. & Community Renewal, 252 AD2d 111, 115 [1998]; compare Matter of Artrip v Incorporated Vil. of Piermont, 267 AD2d 457 [1999]).
Contrary to the petitioner’s contention, the ZBA’s determination that Klopping required an area variance rather than a use variance had a rational basis in the record, and was not arbitrary and capricious. Klopping was not seeking to change the essential use of the property (see Matter of Mobil Oil Corp. v Village of Mamaroneck Bd. of Appeals, 293 AD2d 679 [2002]; Matter of Marro v Zoning Bd. of Appeals of City of Long Beach, 287 AD2d 506 [2001]). Moreover, Klopping’s proposal does not constitute an impermissible extension or enlargement of his nonconforming use (see e.g. Incorporated Vil. of Laurel Hollow v Owen, 247 AD2d 585, 586 [1998]; Matter of Tartan Oil Corp. v Board of Zoning Appeals of Town of Brookhaven, 213 AD2d 486 [1995]; cf. Matter of Steiert Enters., Inc. v City of Glen Cove, 90 AD3d 764, 768 [2011]; Matter of Saladino v Fernan, 204 AB2d 554, 555 [1994]).
The ZBA’s determination to grant the area variance also had a rational basis. “Local zoning boards have broad discretion in considering applications for area variances” (Matter of Margaritis v Zoning Bd. of Appeals of Inc. Vil. of Flower Hill, 32 AD3d 855, 856 [2006]). “In making a determination as to whether to grant an area variance, local zoning boards are required by Town Law § 267-b (3) to engage in a balancing test, 'weighing the benefit to the applicant against the detriment to the health, safety and welfare of the neighborhood or community if the variance is granted’ ” (id. at 856, quoting Matter of Ifrah v Utschig, 98 NY2d 304, 307 [2002]). The zoning board must consider five factors: “ ‘(1) whether an undesirable change will be produced in the character of the neighborhood or a detriment to nearby properties will be created by the granting of the area variance; (2) whether the benefit sought by the applicant can be achieved by some method, feasible for the applicant to pursue, other than an area variance; (3) whether the requested area variance is substantial; (4) whether the proposed variance will have an adverse effect or impact on the physical or environmental conditions in the neighborhood or district; and (5) whether the alleged difficulty was self-created, which consideration shall be relevant to the decision of the board of appeals, but shall not necessarily preclude the granting of the area variance’ ” (Matter of Merlotto v Town of Patterson Zoning *750 Bd. of Appeals, 43 AD3d 926, 928-929 [2007], quoting Town Law § 267-b [3] [b]). A zoning board is not required to justify its determination with supporting evidence with respect to each of the five factors, as long as its ultimate determination balancing the relevant considerations is rational (Matter of Merlotto v Town of Patterson Zoning Bd. of Appeals, 43 AD3d at 929). Here, the minutes of the ZBA meeting held on September 23, 2010, reveal that the ZBA considered the five factors in granting the area variance, and set forth specific findings as to those factors, which were supported by evidence in the record. Further, contrary to the petitioner’s contention, the ZBA did not rely on conclusory statements or generalized community pressure in reaching its determination (see e.g. Matter of Halperin v City of New Rochelle, 24 AD3d at 772; see also Matter of Caspian Realty, Inc. v Zoning Bd. of Appeals of Town of Greenburgh, 68 AD3d 62, 76 [2009]). Angiolillo, J.P., Eng, Lott and Austin, JJ., concur.