▆▆ In the Matter of TAC Peek Equities, Ltd., Petitioner, v Town of Putnam Valley Zoning Board of Appeals et al., Respondents. [8 NYS3d 365]—

Proceeding pursuant to CPLR article 78 to review a determination of the Town of Putnam Valley Zoning Board of Appeals dated September 27, 2012, which, after a hearing, affirmed a determination of the Building Inspector of the Town of Putnam Valley dated February 10, 2012, which denied the petitioner's application for a permit to operate an automotive repair shop at the petitioner's property.

Adjudged that the petition is denied, and the proceeding is dismissed insofar as asserted against the Town of Putnam Valley, without costs or disbursements; and it is further,

Adjudged that the petition is granted insofar as asserted against the Town of Putnam Valley Zoning Board of Appeals, on the law, without costs or disbursements, the determination is annulled, and the matter is remitted to the Building Inspector of the Town of Putnam Valley for issuance of the requested permit.

The Supreme Court erred in transferring the proceeding to this Court pursuant to CPLR 7804 (g), since the determination to be reviewed was not made after a trial-type hearing at which evidence was taken, held pursuant to direction of law (*see* CPLR 7803 [4]; *Matter of Sasso v Osgood,* 86 NY2d 374, 384 [1995]; *Matter of Greencove Assoc., LLC v Town Bd. of the Town of N. Hempstead,* 87 AD3d 1066, 1067-1068 [2011]). Accordingly, the

determination is not subject to substantial evidence review. Rather, the question before us is "whether the determination was affected by an error of law, or was arbitrary and capricious or an abuse of discretion, or was irrational" (*Matter of Greencove Assoc., LLC v Town Bd. of the Town of N. Hempstead,* 87 AD3d at 1067 [internal quotation marks omitted]; *see* CPLR 7803 [3]; *Matter of Halperin v City of New Rochelle,* 24 AD3d 768, 769-771 [2005]). Nevertheless, since the full administrative record is before us, in the interest of judicial economy, we will decide the proceeding on the merits (*see Matter of Haberman v Zoning Bd. of Appeals of Town of E. Hampton,* 85 AD3d 1170 [2011]; *Matter of Navaretta v Town of Oyster Bay,* 72 AD3d 823, 824 [2010]; *Matter of Zupa v Board of Trustees of Town of Southold,* 54 AD3d 957, 958 [2008]).

The determination of the Town of Putnam Valley Zoning Board of Appeals (hereinafter the Zoning Board) that the petitioner's property had lost its nonconforming use status as an automotive repair shop does not have a rational basis, and is arbitrary and capricious (*see Matter of Savetsky v Board of Zoning Appeals of Town of Southampton,* 5 AD3d 779, 780 [2004]). The Putnam Valley Code provides, in relevant part, that a nonconforming use is lost when such nonconforming use "is inactive or ceases . . . for a continuous period of more than two years" (Town of Putnam Valley Zoning Ordinance § 165-45 [A] [4]). Contrary to the Zoning Board's contention, the minimal extent of the nonconforming use in this case did not constitute either inactivity or cessation for the requisite time period (*see Matter of Sadler v Zoning Bd. of Appeals of Town of Union Vale,* 240 AD2d 505 [1997]; *cf. Matter of Toys "R" Us v Silva,* 89 NY2d 411 [1996]; *Matter of Eccleston v Town of Islip Zoning Bd. of Appeals,* 40 AD3d 854 [2007]; *Matter of Estate of Cuomo v Rush,* 273 AD2d 234 [2000]). Since there had been some automotive repair activity during the relevant time period, the petitioner did not lose its right to continue the nonconforming use (*see generally Matter of Pica v Bennett,* 164 AD2d 859 [1990]).

The Town of Putnam Valley asserts, as an affirmative defense, that the petition failed to state a cause of action against it and, thus, raises an objection to the petition in point of law. We agree with the Town's contention. The Zoning Board is an independent, quasi-judicial, administrative arm of the Town (*see Matter of Emmett v Town of Edmeston,* 2 NY3d 817 [2004]; *Matter of Commco, Inc. v Amelkin,* 62 NY2d 260 [1984]). The Town Board of the Town of Putnam Valley had no jurisdiction to hear or determine the subject application and, in fact,

neither heard nor determined it. Accordingly, we deny that branch of the petition which was asserted against the Town on the ground that the Town is not a proper party to the proceeding and that, consequently, the petition fails to state a cause of action against it. Dillon, J.P., Dickerson, Cohen and Duffy, JJ., concur.