Matter of Francello v Mendoza (2018 NY Slip Op 07223)





Matter of Francello v Mendoza


2018 NY Slip Op 07223


Decided on October 25, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 25, 2018

526212

[*1]In the Matter of ROBERT J. FRANCELLO, Appellant,
v
MARIA MENDOZA et al., as Members of the Zoning Board of Appeals of the Town of Woodstock, Respondents.

Calendar Date: September 5, 2018 and October 10, 2018

Before: McCarthy, J.P., Lynch, Clark, Mulvey and Rumsey, JJ.


DeGraff, Foy & Kunz, LLP, Albany (David F. Kunz of counsel), for appellant.
Wapner, Koplovitz & Futerfas, PLLC, Kingston (Rod Futerfas of counsel), for respondents.



MEMORANDUM AND ORDER
McCarthy, J.P.
Appeal from a judgment of the Supreme Court (Fisher, J.), entered May 11, 2017 in Ulster County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of the Town of Woodstock Zoning Board of Appeals sustaining a notice of violation of the zoning law.
Petitioner owns an undeveloped 5.45-acre parcel of real property in the Town of Woodstock, Ulster County. Petitioner directed the removal of some brush and approximately 12 dead or diseased trees from a portion of his property that is above the ridge line and, therefore, within a scenic overlay district. The Town's code enforcement officer issued petitioner an "Order to Remedy Violation" (hereinafter the order) alleging that petitioner violated the Town's zoning law by clear-cutting trees without a special use permit. Petitioner appealed the order to the Town of Woodstock Zoning Board of Appeals (hereinafter ZBA).
On March 24, 2016, the ZBA conducted a public hearing, at which petitioner's father represented him and presented some photographs. Respondent Maria Mendoza, chair of the ZBA, stated that she and respondent Michael Castiglione, another ZBA member, had walked the subject property, and she saw that large, non-diseased trees had been cut in addition to dead trees. The ZBA recessed the hearing but did not schedule another date for the hearing to continue. On April 14, 2016, the ZBA held a meeting at which no public hearings were scheduled. Nevertheless, because owners of properties adjacent to petitioner's property attended the meeting, Mendoza reopened the hearing and allowed those neighbors and Castiglione to speak. The ZBA then closed the public hearing and adopted a resolution sustaining the order, finding that petitioner had clear-cut trees without a special use permit in violation of the Town's zoning law.
Petitioner commenced this CPLR article 78 proceeding challenging the ZBA's determination. Following joinder of issue, Supreme Court granted the petition to the extent that it sought annulment of the ZBA's determination and remitted the matter for a rehearing based on the ZBA having reopened the public hearing without notice. Petitioner appeals.
Initially, we disagree with petitioner's argument that Supreme Court was required to transfer the proceeding to this Court. Supreme Court must transfer a CPLR article 78 proceeding to the Appellate Division when a petition raises the issue of "whether a determination made as a result of a hearing held, and at which evidence was taken, pursuant to direction by law is, on the entire record, supported by substantial evidence" (CPLR 7803 [4]), and the proceeding cannot be terminated based on other objections (see CPLR 7804 [g]). A substantial evidence question "is presented only where a quasi-judicial evidentiary hearing has been held" (Matter of Halperin v City of New Rochelle, 24 AD3d 768, 769-770 [2005], appeal dismissed 6 NY3d 890 [2006], lv denied 7 NY3d 708 [2006]). "Municipal land use agencies like [a] [z]oning [b]oard are quasi-legislative, quasi-administrative bodies, and the public hearings they conduct are informational in nature and do not involve the receipt of sworn testimony or taking of evidence within the meaning of CPLR 7803 (4)" (id. at 770 [internal quotation marks, brackets and citations omitted]; see Matter of Sasso v Osgood, 86 NY2d 374, 384 n 2 [1995]; Matter of TAC Peek Equities, Ltd. v Town of Putnam Val. Zoning Bd. of Appeals, 127 AD3d 1216, 1216-1217 [2015]). Indeed, while parties before a quasi-legislative agency, such as a zoning board, "have a right to be heard . . . and to present facts in support of their position, the forum in which they do so is not a quasi-judicial proceeding involving the cross-examination of witnesses and the making of a record within the meaning of CPLR 7803 (4)" (Matter of Halperin v City of New Rochelle, 24 AD3d at 770 [internal quotation marks and citation omitted]; see Matter of Cornelius v City of Oneonta, 71 AD3d 1282, 1284 [2010]). "Accordingly, determinations of such agencies are reviewed under the 'arbitrary and capricious' standard of CPLR 7803 (3), and not the 'substantial evidence' standard of CPLR 7803 (4)" (Matter of Halperin v City of New Rochelle, 24 AD3d at 770 [citations omitted]; see Matter of Sasso v Osgood, 86 NY2d at 384 & n 2; Matter of TAC Peek Equities, Ltd. v Town of Putnam Val. Zoning Bd. of Appeals, 127 AD3d at 1216-1217; Matter of Salton v Town of Mayfield Zoning Bd. of Appeals, 116 AD3d 1113, 1113-1114 [2014]). Where, as here, the proceeding requires application of the arbitrary and capricious standard, transfer to this Court is not appropriate (see CPLR 7804 [g]; Matter of TAC Peek Equities, Ltd. v Town of Putnam Val. Zoning Bd. of Appeals, 127 AD3d at 1216-1217; Matter of Milt-Nik Land Corp. v City of Yonkers, 24 AD3d 446, 447-448 [2005]).
Turning to the merits, it is undisputed that the relevant portion of petitioner's property falls within the Town's scenic overlay district. Under the Town's zoning law, clear-cutting is prohibited in that district (see Code of the Town of Woodstock § 260-63 [K] [9]). The zoning law defines clear-cutting as "[t]he removal of more than 50% of the trees over six inches in diameter measured at 4½ feet above ground level in a period of one year or less. The percentage shall be calculated relative to the cleared area and not relative to the whole lot" (Code of the Town of Woodstock § 260-123). The dispute here distills to whether it was arbitrary or rational for the ZBA to conclude that petitioner engaged in clear-cutting, as so defined.
Nothing in the record indicates the exact number of trees that were cut, nor the number of trees of the specified size that were standing in the cleared area prior to or after the cutting. Without any of those figures, it is unclear how the ZBA could determine that 50% of the relevant trees had been removed. The April 2016 meeting minutes state generally that Castiglione spoke about his visit to the site and his observations, without any specifics. According to the March 2016 meeting minutes and affidavits from Mendoza and Castiglione, those two members of the ZBA observed approximately 20 live trees that had been cut, in addition to dead or diseased trees. These documents do not indicate that the trees were of the necessary size, nor what proportion the cut trees constituted in relation to the total number of trees in the relevant area. Although Mendoza and Castiglione averred, based on their site visit, that the cutting met the zoning law's definition of clear-cutting, the record does not provide a sufficient factual basis for that conclusion. The ZBA's determination states that the ZBA had access to a written report from the code enforcement officer, but no such report is in the record. The ZBA was entitled to rely [*2]on informal evidence, but no evidence in the record supports the determination that petitioner engaged in clear-cutting as defined in the zoning law (see Matter of Witkowich v Zoning Bd. of Appeals of Town of Yorktown, 84 AD3d 1101, 1103 [2011]). Inasmuch as the ZBA's determination upholding the order was arbitrary and lacked a rational basis, the matter should not be remitted for a rehearing; instead, the order should be vacated (cf. Matter of Kinderhook Dev., LLC v City of Gloversville Planning Bd., 88 AD3d 1207, 1209 [2011], lv denied 18 NY3d 805 [2012]; Matter of PDH Props. v Planning Bd. of Town of Milton, 298 AD2d 684, 686-687 [2002]; People v Edson, 18 Misc 3d 43, 45 [2007], lv denied 10 NY3d 934 [2008]; compare Matter of Pecoraro v Board of Appeals of Town of Hempstead, 2 NY3d 608, 614 [2004]). Because we are vacating the order on this ground, we need not address petitioner's remaining arguments.
Lynch, Clark, Mulvey and Rumsey, JJ., concur.
ORDERED that the judgment is modified, on the law, without costs, by vacating the Order to Remedy Violation, and, as so modified, affirmed.