Matter of Abramovitz v Zoning Bd. of Appeals of the Inc. Vil. of Bellport (2021 NY Slip Op 03031)





Matter of Abramovitz v Zoning Bd. of Appeals of the Inc. Vil. of Bellport


2021 NY Slip Op 03031


Decided on May 12, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 12, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY
ANGELA G. IANNACCI, JJ.


2018-12810
 (Index No. 273/18)

[*1]In the Matter of Debra Abramovitz, et al., petitioners,
v
Zoning Board of Appeals of the Incorporated Village of Bellport, et al., respondents.


Egan & Golden, LLP, Patchogue, NY (Christopher A. Bianco of counsel), for petitioners.
David J. Moran, Village Attorney, Patchogue, NY, for respondent Zoning Board of Appeals of the Incorporated Village of Bellport.
McGiff Halverson Dooley LLP, Patchogue, NY (Robert R. Dooley of counsel), for respondent 8 Bayberry Rd, LLC.



DECISION & JUDGMENT
Proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Incorporated Village of Bellport dated December 19, 2017, which granted the application of 8 Bayberry Rd, LLC, for certain area variances, which proceeding was transferred to this Court pursuant to CPLR 7804(g) by order of the Supreme Court, Suffolk County (John H. Rouse, J.), dated June 11, 2018.
ADJUDGED that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, with one bill of costs to the respondents appearing separately and filing separate briefs.
In or around April 2017, 8 Bayberry Rd, LLC, submitted an application to the Zoning Board of Appeals of the Incorporated Village of Bellport (hereinafter the ZBA), seeking several area variances to convert an existing three-car garage into an indoor squash court and workout area. Following public hearings, the ZBA granted the area variances. Thereafter, the petitioners, who are the owners of the property adjacent to 8 Bayberry Road (hereinafter the subject property), commenced this proceeding pursuant to CPLR article 78 to review the ZBA's determination. In an order dated June 11, 2018, the Supreme Court transferred the proceeding to this Court pursuant to CPLR 7804(g) on the ground that the petition raised a substantial evidence issue.
The Supreme Court erred in transferring the proceeding to this Court pursuant to CPLR 7804(g), since the determination to be reviewed was not made after a trial-type hearing at which evidence was taken, held pursuant to direction of law (see CPLR 7803[4]; Matter of Sasso v Osgood, 86 NY2d 374, 384; Matter of TAC Peek Equities, Ltd. v Town of Putnam Val. Zoning Bd. of Appeals, 127 AD3d 1216, 1216; Matter of Greencove Assoc., LLC v Town Bd. of the Town of N. Hempstead, 87 AD3d 1066, 1067-1068). Accordingly, the determination is not subject to substantial evidence review. Rather, the question before us is "whether the determination was affected by an [*2]error of law, or was arbitrary and capricious or an abuse of discretion, or was irrational" (Matter of Greencove Assoc., LLC v Town Bd. of the Town of N. Hempstead, 87 AD3d at 1067 [internal quotation marks omitted]; see CPLR 7803[3]; Matter of TAC Peek Equities, Ltd. v Town of Putnam Val. Zoning Bd. of Appeals, 127 AD3d at 1216-1217. Since the full administrative record is before us, in the interest of judicial economy, we will decide the proceeding on the merits (see Matter of TAC Peek Equities, Ltd. v Town of Putnam Val. Zoning Bd. of Appeals, 127 AD3d at 1217; Matter of M & V 99 Franklin Realty Corp. v Weiss, 124 AD3d 783, 784; Matter of Greencove Assoc., LLC v Town Bd. of the Town of N. Hempstead, 87 AD3d at 1067; Matter of Navaretta v Town of Oyster Bay, 72 AD3d 823, 824).
"'In a proceeding pursuant to CPLR article 78 to review a determination of a zoning board of appeals, a zoning board's interpretation of its zoning ordinance is entitled to great deference'" (Matter of Bartolacci v Village of Tarrytown Zoning Bd. of Appeals, 144 AD3d 903, 904, quoting Matter of Brancato v Zoning Bd. of Appeals of City of Yonkers, N.Y., 30 AD3d 515, 515; see Matter of Corrales v Zoning Bd. of Appeals of Vil. of Dobbs Ferry, 164 AD3d 582, 585).
Here, contrary to the petitioners' contention, the ZBA properly interpreted its zoning ordinance in concluding that the proposed indoor squash court constituted an application for area variances as it related to an "area" of the property, specifically the garage, and was not a nonconforming use under the Code of the Village of Bellport, New York (hereinafter Village Code) (see Village Code § 21-216[g][4]; see generally Matter of Wambold v Village of Southampton Zoning Bd. of Appeals, 140 AD3d 891, 892). Further, Village Code § 21-86 is not applicable to the building at issue because that code section governs nonconforming buildings and structures that also constitute nonconforming uses.
Zoning boards "have broad discretion in considering applications for area variances" (Matter of Wambold v Village of Southampton Zoning Bd. of Appeals, 140 AD3d at 892 [internal quotation marks omitted]). Further, a zoning board's determination should be sustained if it is not illegal, has a rational basis, and is not arbitrary or capricious (see Matter of Parsome, LLC v Zoning Bd. of Appeals of the Vil. of E. Hampton, 191 AD3d 785).
When a zoning board of appeals makes a determination as to whether or not to grant an area variance to an applicant, it must weigh the benefit of the grant to the applicant against the detriment to the health, safety, and welfare of the neighborhood or community if the variance is granted (see Matter of Pecoraro v Board of Appeals of Town of Hempstead, 2 NY3d 608, 612; Matter of Sasso v Osgood, 86 NY2d at 384). The zoning board must also consider the following five factors when making its determination: "(1) whether an undesirable change will be produced in the character of the neighborhood or a detriment to nearby properties will be created by the granting of the area variance; (2) whether the benefit sought by the applicant can be achieved by some method, feasible for the applicant to pursue, other than an area variance; (3) whether the requested area variance is substantial; (4) whether the proposed variance will have an adverse effect or impact on the physical or environmental conditions in the neighborhood or district; and (5) whether the alleged difficulty was self-created" (Village Law § 7-712-b[3][b]; see Matter of Pecoraro v Board of Appeals of Town of Hempstead, 2 NY3d at 612-613).
Here, the record demonstrates that the ZBA engaged in the required balancing test and considered the relevant statutory factors (see Matter of Pecoraro v Board of Appeals of Town of Hempstead, 2 NY3d at 614). Contrary to the petitioners' contention, the ZBA had a rational basis for its determination that the requested area variances were not substantial and that the alleged difficulty was not self-created (see id.). Further, the ZBA had a rational basis for its determination that the benefit to the applicant outweighed the detriment to the health, safety, and welfare of the neighborhood or community.
The parties' remaining contentions either are without merit or not be reached in light of our determination.
DILLON, J.P., HINDS-RADIX, DUFFY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court