SYLVESTER DIGGS AND WIFE, CHARLOTTE DIGGS v. THE CITY OF WILSON AND KENNETH GAY, BUILDING INSPECTOR

No. 747SC967

(Filed 16 April 1975)

Municipal Corporations § 30— zoning — nonconforming use — close of business for remodeling — no discontinuance of use

Where a city issued a building permit for the remodeling of an existing restaurant building which constituted a nonconforming use in an area zoned for residential use, and there was no limitation as to when the remodeling had to be completed, the closing of the restaurant business to the general public while the remodeling process was being completed did not constitute, as a matter of law, a "discontinuance" of the nonconforming use within the meaning of the zoning ordinance.

APPEAL by plaintiffs from Rouse, Judge. Judgment entered 12 June 1974 in Superior Court, WILSON County. Heard in the Court of Appeals 10 February 1975.

For a number of years prior to 1961 plaintiffs operated a restaurant on property owned by them in the City of Wilson. In 1961 the city adopted a zoning ordinance designating the area in which the restaurant is located as a residential zone.

The ordinance has a section providing that the lawful use of a building existing at the time of adoption of the ordinance is not to be affected by the ordinance even though the use does not conform to the provisions of the ordinance. The section further provides: "If such nonconforming use is discontinued for a continuous period of more than one hundred and eighty (180) days, any future use of said land shall be in conformity with the provisions of this ordinance."

On 14 October 1970, the building inspector of the city issued a permit for the alteration and remodeling of the restaurant building. The permit did not specify any time limit within which

the project was required to have been completed. After the issuance of the permit plaintiffs began to remodel the building. Plaintiffs purchased building material and incurred other expenses in an effort to complete the project. Much of the work has been done on weekends because some of the people employed had other jobs. Plaintiffs closed the business to the public in October, 1970 in order to remodel the building.

On 23 September 1971, the building inspector for the city advised plaintiffs that the building permit previously issued was revoked and ordered plaintiffs to cease and desist from any further construction. Remodeling was still going on at that time. Since 23 September 1971, the city has refused to issue any further permits to workmen and others to connect the building with city sewer, water, gas and electrical systems.

Plaintiffs started this action in January, 1972 and seek, among other things, mandamus to compel the city to issue the necessary permits to enable them to complete the project.

At the close of plaintiffs' evidence the court granted defendants' motion for directed verdict and dismissed the action.

*Herbert B. Hulse, and George F. Taylor, for plaintiff appellants.*

*Lucas, Rand, Rose, Meyer, Jones and Orcutt, by R. Michael Jones, for defendant appellees.*

VAUGHN, Judge.

The directed verdict against plaintiffs was apparently granted for the reason that plaintiffs' evidence disclosed that the building had been closed for a continuous period of more than 180 days.

Where, as here, the city specifically authorized and issued a permit to alter and remodel an existing building with no limitation as to when the remodeling must be completed, the mere closing of the business to the general public while the remodeling process was being completed did not constitute, as a matter of law, a "discontinuance" of the nonconforming use within the meaning of the ordinance. The judgment directing the verdict against plaintiffs and dismissing the action is reversed.

Reversed.

Judges MARTIN and ARNOLD concur.