# (December 14, 1982)

■ JACK L. ALPERT et al., Respondents-Appellants, v 28 WILLIAMS ST. CORP. et al., Appellants-Respondents. — Judgment of the Supreme Court, New York County (Schwartz, J.), entered on July 7, 1982, which held defendants liable as directors and majority shareholders with respect to a merger agreement which they approved and executed, and set the matter down for a hearing to assess remedies and damages, unanimously reversed, on the law and the facts, and the matter remanded for a new trial, with costs to abide the event, in which the court should make findings of fact as to whether the merger transaction was tainted with fraud, conflict of interest or self-dealing. Plaintiffs, until execution of the merger here complained of, for many years owned a 26% minority interest in 79 Realty Corp., the principal asset of which was a 17-story office building located at 79 Madison Avenue. In September, 1980, defendants purchased a greater than two-thirds controlling interest in 79 Realty Corp. through a nominee corporation, defendant 28 William St. Corp. To accomplish the takeover of 79 Realty Corp., the principal actors behind the acquisition had formed a limited partnership, defendant Madison 28 Associates. After the closing, the board of directors of 79 Realty Corp. resigned and was replaced by the four general partners of Madison 28 Associates. New officers were appointed from among the general and limited partners of Madison 28 Associates. The new board then approved a merger plan whereby 28 William St. Corp. would merge into 79 Realty Corp., which would then be dissolved, the minority shares canceled, with title to the building ultimately to vest in Madison 28 Associates. The minority shareholders were to be paid at the same rate per share as the defendants had paid for the majority shares. The minutes of the board of directors meeting at which the merger was approved state that the purposes of the merger were to obtain greater capital contribution for needed renovation, and to realize tax savings through ownership in the partnership rather than corporate form. Defendants consummated the merger after posting a bond to vacate a temporary restraining order plaintiffs had obtained against the holding of a special shareholders meeting to approve the merger. Plaintiffs contest the stated purposes of the merger on the grounds that, at the time of the merger, capitalization was adequate to finance the required renovation, and that the tax savings were of no benefit to the corporation but only to the partners of Madison 28 Associates personally. Plaintiffs contend that the valuation upon which the price offered for their stock is predicated is fraudulently understated and that the transaction is permeated with conflict of interest, and self-dealing. The gravamen of the complaint is that defendants as majority shareholders have breached their

fiduciary obligations to the minority under *Kavanaugh v Kavanaugh Knitting Co.* (226 NY 185) and its progeny. By this action, plaintiffs seek equitable intervention to rescind the merger transaction and restore the *status quo ante.* An appraisal action is also currently pending in Supreme Court. The judgment appealed from predicates liability on the absence of any "strong and compelling legitimate business purpose" for the merger, as well as on the conclusion that the shareholders meeting approving the merger was either not held at all or not legally conducted. The judgment is devoid of factual findings either as to the basis for the conclusion that the shareholders meeting was not lawfully conducted, or whether the entire transaction involved fraud, conflict of interest, or self-dealing. The pendency of an appraisal action does not preclude "an appropriate action to obtain relief" if such should be the circumstance. (Business Corporation Law, § 623, subd [k].) Special Term applied an incorrect legal standard to hold defendants liable for their conduct with respect to the merger. Courts will not interfere with the proper business judgment of directors in the absence of a showing of fraud, illegality, or self-dealing (see *Bender v Ferro,* 86 AD2d 12; *Limmer v Medallion Group,* 75 AD2d 299), so long as there is some proper corporate purpose for the merger other than the forced buy-out of the minority shares. (See *Matter of Willcox v Stern,* 18 NY2d 195, 204; *Schulwolf v Cerro Corp.,* 86 Misc 2d 292, 297 [Fein, J.].) Concur — Murphy, P. J., Kupferman, Sullivan, Asch and Alexander, JJ.