■ In the Matter of BOGEY's EMPORIUM, INC., Respondent, v CITY OF WHITE PLAINS et al., Appellants.—In a proceeding pursuant to CPLR article 78 to review a determination denying petitioner's application for a cabaret license, the appeal is from a judgment of the Supreme Court, Westchester County (Owen, J.), dated June 21, 1985, which granted the petition and directed appellants to issue a cabaret license to petitioner.

Judgment affirmed, with costs.

Petitioner applied on or about February 1, 1984 for a cabaret license to continue a nonconforming use. The six-month period provided for by White Plains Zoning Ordinance § 4.3.2.5, within which any nonconforming use must resume or be deemed discontinued, was tolled until April 12, 1984, the date on which a bankruptcy court ordered a trustee in bankruptcy to deliver a lease to petitioner, by operation of the automatic stay provision of 11 USC § 362 *(see, Matter of IDH Realty v Incorporated Vil. of Mineola,* 16 Bankr 55). Therefore, appellants' November 5, 1984 denial of petitioner's application was arbitrary and capricious, because it was only appellants' own retention of the application which prevented resumption of cabaret activity within six months from the date the stay terminated. Lazer, J. P., O'Connor, Niehoff and Kooper, JJ., concur.