■ In the Matter of RENEE HOFFMAN et al., Appellants, v BOARD OF ZONING AND APPEALS OF THE INCORPORATED VILLAGE OF RUSSELL GARDENS et al., Respondents.—In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Board of Zoning and Appeals of the Incorporated Village of Russell Gardens, dated October 27, 1986, which denied the petitioners' appeal to vacate a certificate of occupancy issued to the respondent Peter Luger of Long Island, Inc., the petitioners appeal from a judgment of the Supreme Court, Nassau County (Goldstein, J.), dated October 17, 1988, which, *inter alia,* dismissed the proceeding.

Ordered that the judgment is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.

The respondent Peter Luger of Long Island, Inc. (hereinafter Luger) maintains a restaurant at its premises located at 225 Northern Boulevard, Great Neck, New York. The restaurant operation is located in a business district which permits that use *(see,* Village of Russell Gardens Code § 60-41 [D]). It is undisputed that in 1953, the subject restaurant became nonconforming under an amendment to the zoning ordinance by virtue of the fact that it had inadequate off-street parking facilities and lacked a buffer strip and wall along its border which adjoined a residential district (Village of Russell Gardens Code §§ 60-47, 60-48, 60-49).

Luger continued to operate the restaurant as a preexisting nonconforming use as permitted by Village of Russell Gardens Code § 60-49. However, on June 24, 1984, the restaurant was partially destroyed by a fire. Luger began reconstructing the damaged building within months of the happening of the fire pursuant to a building permit issued by the village's building inspector. There is no contention that the building permit placed a limitation on the time to reconstruct.

Village of Russell Gardens Code § 60-49 (C) provides in pertinent part that "[n]o nonconforming use which shall have been discontinued for a period exceeding twelve (12) months shall be resumed". The petitioners contend that the cessation of food services to patrons during the period of reconstruction barred Luger from resuming the prior nonconforming use. We disagree.

Where, as here, the village specifically authorized and issued a building permit to reconstruct the fire-damaged existing building, and there is no contention that the reconstruction was not completed within the time required by the building permit, the mere closing of the restaurant to the general public while the reconstruction was being completed did not constitute, as a matter of law, a discontinuance of the nonconforming use within the meaning of Village of Russell Gardens Code § 60-49 (C) (see, Diggs v City of Wilson, 25 NC App 464, 213 SE2d 443).

Based upon our review of the record, we find that the determination of the respondent Board of Zoning and Appeals of the Incorporated Village of Russell Gardens, which denied the petitioners' application to vacate the certificate of occupancy for the restaurant subsequently issued to Luger, was supported by substantial evidence and was neither arbitrary, capricious, nor an abuse of discretion (CPLR 7803; see, Matter of Pell v Board of Educ., 34 NY2d 222).

Furthermore, there is no support in the record for the petitioners' contention that the nonconforming use was discontinued by virtue of an enlargement to the building. The evidence does not establish that structural alterations were made exceeding 50% of the building's structural value (see, Village of Russell Gardens Code § 60-49 [A]).

In light of our determination, we need not consider the respondent Luger's contention that the petitioners are guilty of laches. Mangano, J. P., Bracken, Kunzeman and Harwood, JJ., concur.