■ In the Matter of ELEANOR SAPAKOFF, Appellant, v TOWN OF HAGUE ZONING BOARD OF APPEALS, Respondent. [621 NYS2d 215] —Peters, J. Appeal from a judgment of the Supreme Court (Dier, J.), entered December 10, 1993 in Warren County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent that a prior nonconforming use would be permitted to resume operation in a residential zone.

Petitioner is a property owner in the Town of Hague, Warren County, and owns and resides on property directly across from the former Open Hearth Restaurant (hereinafter Open Hearth). In 1977 the Town of Hague adopted its first zoning ordinance which zoned this area as a residential district. While bars and restaurants were not permitted uses, the Open Hearth was permitted to operate as a prior nonconforming use. In November 1989 the owner of the Open Hearth, Ronald Hansen, was indicted for conspiracy to distribute cocaine. The United States Government seized the restaurant in April 1990 pursuant to the forfeiture provision contained in 21 USC § 881. Hansen pleaded guilty and, as part of his plea arrangement, agreed to the forfeiture of the property which was formalized by a stipulated settlement agreement and order of discontinuance dated June 8, 1990. Pursuant to such agreement and order, full title of the property was vested in the United States Government. In 1991 the Government advertised such property for public sale as residentially zoned. The property was purchased in July 1992 by the current owner who thereafter applied to the Town Development Administrator for a land use permit and certificate of occupancy for the leasing of such property as a bar and restaurant. Such application was approved, with conditions, as a prior nonconforming use. Petitioner appealed this determination, which was denied, and Supreme Court confirmed respondent's determination. Petitioner appeals.

The Town of Hague Zoning Ordinance § 9.030 (1) states that where a nonconforming use has been discontinued for a period

of two years, the property must conform to the zoning requirements of the ordinance. Since there is no dispute that the Open Hearth was legally created prior to the adoption of the zoning ordinance and the record reflects that it operated as a prior nonconforming use, we find that any contention regarding the expiration of the former owner's liquor and food licenses in 1977 and 1988, respectively, is irrelevant to our consideration (see, 1 Anderson, New York Zoning Law and Practice § 6.12, at 219; see also, Matter of Kennedy v Zoning Bd. of Appeals, 205 AD2d 629; Matter of Rubin v Wallace, 63 AD2d 763).

Based upon the vesting of title to the restaurant in the Government in June 1990, we find that the two-year period of discontinuance contained in section 9.030 (1) of the zoning ordinance is not only reasonable but determinative. Any inquiry into Hansen's intent to abandon the nonconforming use is foreclosed (see, Matter of Sun Oil Co. v Board of Zoning Appeals, 44 NY2d 995, 996; Walter v Harris, 163 AD2d 619, 621; Matter of Spicer v Holihan, 158 AD2d 459, 459-460; 1 Anderson, New York Zoning Law and Practice § 6.47, at 280-282) and therefore reliance by respondent on the lack of intent of either the former owner or the Government to abandon the operation of the Open Hearth was erroneous as a matter of law.

The Development Administrator determined, and respondent agreed, that the Open Hearth retained its status as a nonconforming use because its forfeiture precluded any possibility of continued operation. Concluding that section 9.030 (1) of the zoning ordinance was not tolled during this period, we find that contrary to the automatic stay provision of the Federal Bankruptcy Law (see, 11 USC § 362), there is no such automatic stay provision in the Federal Forfeiture Law (21 USC § 881). Any reliance on Matter of Bogey's Emporium v City of White Plains (114 AD2d 363) is misplaced since the court, in such instance, relied upon the town's retention of the petitioner's application during the relevant period which prevented the owner's resumption of activity. Here, there was no intervening act which precluded the property owner, the Government, from exercising control. We further note that petitioner had no property interest during the relevant time.

We note that had the Government sought to challenge the application of the zoning ordinance to the subject property between June 1990 and June 1992, the application of the Supremacy Clause would have been entirely relevant (see, Demetriadis v United States Postal Serv., 465 F Supp 597; see

*also, M'Culloch v State of Maryland,* 17 US 316). Here, however, there was no attempt at interference with the Government's exercise of its powers and therefore case law relied upon by respondent on this issue is inapposite *(see, e.g., Township of Middletown v N/E Regional Off., U.S. Postal Serv.,* 601 F Supp 125).

The evidence conclusively establishes that the Government's advertisement and invitation for bid described the Open Hearth as a residential building, formerly used as a restaurant. Pursuant to a letter from the United States Marshalls Service dated April 19, 1991, it was confirmed that the Assistant United States Attorney decided not to challenge the application of the zoning ordinance, noting that "[t]he government's position is that the property will be sold as a residence". Accordingly, we find that the Government, as the owner of the property from June 1990 through June 1992, discontinued the use of the Open Hearth as a nonconforming bar and restaurant as a matter of law *(see, Matter of Pica v Bennett,* 164 AD2d 859); therefore, the underlying determination must be reversed as erroneous *(see, Matter of Cowan v Kern,* 41 NY2d 591).

Cardona, P. J., Mikoll, Crew III and Yesawich, Jr., concur. Ordered that the judgment is reversed, on the law, without costs, petition granted and determination annulled.