■ In the Matter of 149 FIFTH AVENUE CORP., Respondent, v JAMES CHIN et al., Appellants. [759 NYS2d 455] —Judgment, Supreme Court, New York County (Edward Lehner, J.), entered March 26, 2002, which granted the application pursuant to CPLR article 78 to annul the determination by respondent New York City Board of Standards and Appeals (BSA), dated August 7, 2001, that petitioner's nonconforming use had been discontinued, unanimously affirmed, without costs.

The evidence of record shows that, as early as 1923, a large advertising sign was painted on the north facade of the building now owned by petitioner located at 149 Fifth Avenue. The sign remained on the building facade for decades and although its continued presence was not consistent with a subsequently enacted zoning resolution, the sign was permitted to remain as a protected nonconforming use. Respondent BSA, however, held herein the protection accorded the sign forfeited by reason of the sign's removal for some 27 months, commencing in August 1996, to permit legally mandated building facade inspections and repairs. While, pursuant to Zoning Resolution of the City of New York § 52-61, discontinuance of a nonconforming use for a continuous period of two years may operate to strip the use of previously afforded protection, we hold that the Resolution may not be reasonably read to authorize termination of petitioner's protected nonconforming use under the particular circumstances presented. Where, as here, inter-

ruption of a protected nonconforming use is compelled by legally mandated, duly permitted and diligently completed repairs, the nonconforming use may not be deemed to have been "discontinued" within the meaning of Zoning Resolution § 52-61 (*see Matter of Hoffman v Board of Zoning & Appeals*, 155 AD2d 600 [1989], *lv denied* 75 NY2d 708 [1990]). A contrary reading of the subject Zoning Resolution, to permit or, indeed, require the termination of a valuable property interest, even where such termination is triggered solely by the owner's need temporarily to cease the nonconforming use in order to satisfy a legal mandate, would raise a most serious question as to whether the Zoning Resolution purports to authorize an unconstitutional taking. Concur—Buckley, P.J., Andrias, Saxe, Lerner and Marlow, JJ.