■ GREENTREE REALTY, LLC, Respondent, v VILLAGE OF CROTON-ON-HUDSON et al., Appellants. (Action No. 1.) VILLAGE OF CROTON-ON-HUDSON, Appellant, v NORTHEAST INTERCHANGE RAILWAY, LLC, et al., Respondents. (Action No. 2.) [846 NYS2d 381]—

In an action for a judgment declaring that the operation of a certain waste transfer station constitutes a lawful preexisting, nonconforming use, and a related action pursuant to Village Law §§ 7-714 and 20-2006 to permanently enjoin Greentree Realty, LLC, the plaintiff in action No. 1 and a defendant in action No. 2, and Northwest Interchange Railway, LLC, a defendant in action No. 2, from commencing operation of the waste transfer station without first obtaining either a special permit or a use variance, the defendants in action No. 1 and the plaintiff in action No. 2 appeal from an order of the Supreme

Court, Westchester County (Nicolai, J.), entered July 31, 2006, which granted the motion of Greentree Realty, LLC, and Northeast Interchange Railway, LLC, to toll the one-year discontinuance period prohibiting the reestablishment of preexisting, nonconforming uses, as set forth in Village of Croton-on-Hudson Zoning Code § 230-53(A) (3), until a final determination is made by the Village of Croton-on-Hudson with regard to a special permit application.

Ordered that the order is modified, on the law, by deleting the provision thereof tolling the one-year discontinuance period prohibiting the reestablishment of preexisiting, nonconforming uses "for ninety (90) days following a final determination by the municipality with regard to the Special Permit application, without prejudice to Petitioner/Plaintiff [*sic*] to apply for an additional extension," and substituting therefor a provision tolling the one-year discontinuance period prohibiting the reestablishment of preexisting, nonconforming uses for the period of time during which the injunction issued in action No. 2 (*see Village of Croton-on-Hudson v Northeast Interchange Ry., LLC*, 46 AD3d 546 [2007] [decided herewith]) is in effect; as so modified, the order is affirmed, without costs or disbursements.

Greentree Realty, LLC (hereinafter Greentree), the plaintiff in action No. 1 and a defendant in action No. 2, owns real property within the light industrial LI zoning district of the Village of Croton-on-Hudson, a defendant in action No. 1 and the plaintiff in action No. 2. In 1998 Greentree's former tenant Metro Enviro applied for and obtained a permit from the Village to change the use of the property from one nonconforming use, wood waste recycling, to another, a solid waste recyclables handling and processing facility (hereinafter the transfer station). In 2001 the Village amended its zoning regulations to expressly exclude the operation of such a facility as a permitted use. In 2003 the Village denied Metro Enviro's application to renew the permit. The Village's denial of the renewal application was upheld by the Court of Appeals in July 2005 (*see Matter of Metro Enviro Transfer, LLC v Village of Croton-on-Hudson*, 5 NY3d 236 [2005]). Metro Enviro ceased operating the transfer station on September 1, 2005.

In December 2005 the chief executive officer of Northeast Interchange Railway, LLC (hereinafter NIR), a defendant in action No. 2, informed Village officials that NIR intended to resume operation of the transfer station at the facility in the same manner as Metro Enviro, but did not intend to apply for any Village approval. Greentree commenced action No. 1 against the Village and several of its officers, boards, and agencies,

seeking a judgment declaring that the operation of the facility as a waste transfer station constitutes a lawful preexisting, nonconforming use. The Village then commenced action No. 2 to permanently enjoin NIR and Greentree from operating the transfer station without first obtaining either a special permit or a use variance. In April 2006 the Supreme Court granted the Village's motion for a preliminary injunction enjoining the operation of the transfer station except upon the issuance of "a special permit in accordance with the Village's Zoning Code."

On July 5, 2006 NIR applied to the Village for "re-issuance" of the permit that had been issued to Metro Enviro. Two days later, NIR and Greentree moved for an order tolling the one-year discontinuance period prohibiting the reestablishment of preexisting, nonconforming uses, as provided for in Village of Croton-on-Hudson Zoning Code § 230-53(A) (3), until a final determination had been made with respect to NIR's permit application. The Supreme Court granted the motion, directing that the discontinuance period be "tolled for ninety (90) days following a final determination by the municipality."

Village of Croton-on-Hudson Zoning Code § 230-53(A) (3) provides, in part, that any nonconforming use "may be continued indefinitely, but . . . [s]hall not be reestablished if such use has been discontinued for any reason for a period of one year or more or has been changed or replaced by a conforming use." Because the nonconforming use of the property here, however, was compelled by the requirement of compliance with the injunction, the discontinuance period does not run while the injunction is in effect (*cf. Matter of 149 Fifth Ave. Corp. v Chin*, 305 AD2d 194 [2003]; *Matter of Hoffman v Board of Zoning & Appeals of Inc. Vil. of Russell Gardens*, 155 AD2d 600, 601 [1989]; *Matter of Bogey's Emporium v City of White Plains*, 114 AD2d 363 [1985]). Contrary to the Village's argument, the fact that Greentree did not seek a permit immediately after formulating its intention to resume Metro Enviro's use of the property as a transfer station does not defeat its entitlement to a toll. In the circumstances presented here, the toll is predicated neither on Greentree's good faith nor on the Village's bad faith. Rather, it is necessitated by the fact that Greentree has been prohibited by operation of legal mandate—the preliminary injunction—from exercising the right to use the property in a manner that it asserts is permissible. Thus, while the Supreme Court properly recognized the toll, the duration of the toll should have been defined by the term of the injunction rather than by the length of the application process. Spolzino, J.P., Ritter, Dillon and Dickerson, JJ., concur.