■ JOSEPH LEHEY, Individually and as a Member of FSJ, LLC, a Delaware Limited Liability Company, on Behalf of Himself and All Other Members of FSJ, LLC Similarly Situated and in the Right of FSJ, LLC, Respondent, v TIM GOLDBURT et al., Appellants, et al., Defendants. [933 NYS2d 281]—

The decision to grant or deny provisional relief is ordinarily committed to the sound discretion of the court. However, the function of a provisional remedy is "not to determine the ultimate rights of the parties, but to maintain the status quo until there can be a full hearing on the merits" (*Residential Bd. of Mgrs. of Columbia Condominium v Alden*, 178 AD2d 121, 122 [1991]). Further, the issuance of a mandatory injunction is appropriate only when such extraordinary relief is essential to maintaining the status quo (*id.*). "[W]here conflicting affidavits raise sharp issues of fact," injunctive relief should not be granted (*id.* at 123).

Here, the parties submitted conflicting affidavits regarding the status of FSJ and its assets. Thus, it is not clear that plaintiff was entitled to any provisional remedy, let alone the extraordinary one granted here. Plaintiff established some likelihood of success on the merits by demonstrating the various expenditures that were made without his written consent and by raising issues regarding the ownership of the patents, trademarks and FSJ's inventory. However, he did not clearly establish that he would be irreparably harmed in the absence of a preliminary injunction or that FSJ's property was in danger of being injured or destroyed such that the appointment of a temporary receiver was warranted (*see* CPLR 6301, 6401). Indeed, the status of FSJ's assets was disputed, as was the propriety of the various expenditures and transfers of funds. Defendants also raised legitimate concerns about the future of FSJ should Goldburt be removed and plaintiff installed as manager. In particular, they noted Goldburt's intimate knowledge of the company and its technology as well as the fact that

Goldburt made many personal contacts with distributors, suppliers and others that were essential to the health of the company. Accordingly, an evidentiary hearing is warranted to the extent indicated.

To the extent Supreme Court based its order on its examination of FSJ's operating agreement, we examine the agreement's language de novo (see *Duane Reade, Inc. v Cardtronics, LP*, 54 AD3d 137, 140 [2008]). The agreement's section on management expressly provides that the managing members "shall be David Perillo and Tim Goldburt." Although the section presumed that a manager had a membership interest in FSJ, Goldburt had an indirect membership interest in the company through his interest in defendant RAM Phosphorix, LLC, which had a membership interest, and Goldburt executed the agreement on RAM's behalf. The section on management also states that Perillo and Goldburt shall be managers, "unless removed as permitted hereby, or until they shall no longer own any part of the Membership Interest." For the motion court to read this language to mean that Goldburt was never properly a manager because he did not own a direct membership interest in the company leads to an absurd result and ignores the parties' clear intent to have Goldburt serve as a manager. Thus, we read the agreement to unambiguously permit Goldburt to serve as manager, as this construction effectuates the parties' intent (see *Welsbach Elec. Corp. v MasTec N. Am., Inc.*, 7 NY3d 624, 629 [2006]). Concur—Tom, J.P., Andrias, Catterson, Abdus-Salaam and Román, JJ.