*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:    July 16, 2015                    519610

_____

LORA COLUCCI et al.,

                  Appellants-
                  Respondents,

        v                                      MEMORANDUM AND ORDER

JEFFREY M. CANASTRA,

                  Respondent-
                  Appellant,
                  et al.,
                  Defendants.

_____


Calendar Date:   May 26, 2015

Before:   Lahtinen, J.P., McCarthy, Rose and Clark, JJ.

                        _____


        Thomas J. Rzepka, Rochester, for appellants-respondents.

        Goldberger & Kremer, Albany (Brian S. Kremer of counsel),
for respondent-appellant.

                        _____


Clark, J.

        Cross appeals from an order of the Supreme Court (Reilly
Jr., J.), entered December 6, 2013 in Schenectady County, which,
among other things, denied plaintiffs' motion for summary
judgment.

        Defendant Hillcrest Golf and Country Club, Inc. is a
corporation that was formed in 1960 to own and operate a golf
course located in Schenectady County.  Hillcrest owns the golf
course and rents an adjacent clubhouse where rounds of golf, cart
rentals and concessions are sold.  In lieu of rent, Hillcrest
pays the operating expenses of the clubhouse, such as taxes,

utilities and insurance.  Until her death in 1992, Josephine Palazini (hereinafter decedent) operated the clubhouse and owned 75 of the 100 outstanding shares of Hillcrest stock.  Her daughter, defendant Sherry Lee Smith, then took over the operation of the clubhouse.  Between 1993 and 2003, defendant Jeffrey M. Canastra (hereinafter defendant), the president and a board member of Hillcrest, entered into agreements with three of decedent's heirs to purchase 45 shares of Hillcrest stock.  In 2005, defendant assumed responsibility for the clubhouse and created a corporation called Jefmelmat, Inc. to operate the clubhouse.

Plaintiffs, four Hillcrest shareholders, commenced this shareholder derivative action in June 2008, seeking, among other things, that defendant be compelled to prove his stock ownership and to remove defendant as an officer, director and corporate manager of Hillcrest.  After defendant answered, plaintiffs moved for summary judgment and defendant cross-moved for summary judgment dismissing the complaint.  Plaintiffs thereafter cross-moved to amend the complaint.  As relevant here, Supreme Court denied plaintiffs' motion for summary judgment and partially denied defendant's cross motion for summary judgment, sanctioned plaintiffs for frivolous conduct and granted plaintiffs leave to amend the complaint.  Plaintiffs appeal and defendant cross-appeals.

Initially, we agree with Supreme Court that defendant demonstrated entitlement to judgment as a matter of law on the issue of his stock ownership.  Defendant submitted uncontroverted proof that decedent bequeathed 15 shares each to five people, including Paul Nickel, Nancy Williams and Bruce Palazini.  The fact that such shares were transferred one day before letters testamentary were issued did not invalidate the transfer because the executor derives the power to dispose of the estate's property from the will, not from the letters testamentary (see Hartnett v Wandell, 60 NY 346, 349-350 [1875]).  Defendant also submitted evidence that Nickel, Williams and Palazini validly transferred their shares to him, including three stock transfer agreements and stock certificates that are endorsed from Williams and Palazini to him.  With regard to Nickel's shares, defendant showed that, in addition to the transfer agreement, Nickel, who

is deceased, bequeathed his Hillcrest stock to defendant in his will. Thus, we agree that defendant met his prima facie burden. In turn, plaintiffs' proof that the transfers to defendant did not comply with either the terms of the stock certificates or Hillcrest's bylaws is insufficient to raise an issue of fact with regard to defendant's ownership of the shares because compliance with such terms is not required for a valid stock transfer (see McNeil v Tenth Natl. Bank, 46 NY 325, 331 [1871]).

We also agree with Supreme Court that questions of fact preclude summary judgment on the issue of defendant's removal as a director and officer. As relevant here, the holders of 10% of the outstanding shares of a corporation may bring an action to remove a director or officer for cause (see Business Corporation Law §§ 706 [d]; 716 [c]). Plaintiffs submitted prima facie evidence that there was cause for defendant's removal due to his use of Hillcrest's profits to pay for clubhouse operations that only benefitted him as the sole shareholder of Jefmelmat (see Matter of Grace v Grace Inst., 19 NY2d 307, 313-314 [1967]). However, defendant raised an issue of fact through evidence that he was continuing to operate the clubhouse in the same manner as decedent and Smith had operated it before him. Specifically, defendant proffered a lease that predated his management of the clubhouse that provided that Hillcrest would pay the operating expenses of the clubhouse in exchange for its use as the golf course's clubhouse. Therefore, summary judgment was not appropriate with respect to this claim.

Turning to defendant's contention that he is shielded from liability by Hillcrest's certificate of incorporation, claims against a corporation's directors and officers for misconduct are subject to the provisions of the corporation's certificate of incorporation, which may limit personal liability of the director or officer except for, among other things, acts or omissions made in bad faith (see Business Corporation Law § 402 [b]). Here, summary judgment is barred by issues of fact as to whether defendant acted in bad faith by using Hillcrest's profits to pay for nearly all clubhouse expenses and keeping profits from concessions for himself as the sole shareholder of Jefmelmat.

With regard to defendant's contention that the complaint

should have been dismissed due to plaintiffs' failure to make a
demand on the board or demonstrate futility (see Business
Corporation Law § 626 [c]), a party may amend a pleading at any
time with the court's permission, which "'shall be freely given'
absent prejudice or surprise resulting directly from the delay"
(McCaskey, Davies & Assoc. v New York City Health & Hosps. Corp.,
59 NY2d 755, 757 [1983], quoting CPLR 3025 [b]).  Here, Supreme
Court granted plaintiffs leave to amend the complaint to allege
demand futility, a determination that is not disputed on appeal.
To the extent that an amendment was sought to alleviate the
deficiency that defendant contests, denial of defendant's cross
motion for summary judgment dismissing the complaint for failure
to make a demand on the board or allege demand futility was
proper.

However, the matter must nonetheless be remitted to Supreme
Court for a hearing with regard to sanctions imposed upon
plaintiffs.  A court may impose sanctions for a party's frivolous
conduct only after the party is afforded a "reasonable
opportunity to be heard" (22 NYCRR 130-1.1 [d]).  As defendant
concedes, plaintiffs had no opportunity to be heard on the issue
of sanctions before they were imposed and, thus, we remit the
matter to Supreme Court so that plaintiffs may be heard in
accordance with 22 NYCRR 130-1.1 (d) (see Deeb v Tougher Indus.,
216 AD2d 667, 668 [1995]).

Lahtinen, J.P., McCarthy and Rose, JJ., concur.

ORDERED that the order is modified, on the law, without cots, by reversing so much thereof as imposed a sanction in the amount of $1,000 against plaintiffs; matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court