■ Crabapple Corp. et al., Respondents, v Ruben Elberg, Appellant, and Royal One Real Estate, LLC, et al., Respondents. [60 NYS3d 124]—

Order, Supreme Court, New York County (Charles E. Ramos, J.), entered January 21, 2016, which, to the extent appealled from as limited by the briefs, granted defendants-respondents' (the LLCs) motion to remove defendant Ruben Elberg (Elberg) as their co-manager and fiduciary, unanimously reversed, without costs, the motion denied, and the matter remanded to

Supreme Court for further proceedings in accordance with this decision.

Elberg asserts that he is the sole managing member of the LLCs. His sister, nonparty Tamara Pewzner (Pewzner), asserts that their father, Jacob Elberg (Jacob), deceased, was the sole owner of the LLCs and that she is the LLCs co-manager by virtue of her status as the co-executor, along with Elberg, of Jacob's estate. By virtue of that authority, Pewzner moved in the name of the LLCs to remove Ruben as a co-manager of the defendant entities, asserting, inter alia, that he had breached his fiduciary duties.

Contrary to his contention, Elberg was not removed as the sole "managing member" of the LLCs. The record demonstrates that he was a 40% minority member, not a managing member with the power to act unilaterally on the LLCs' behalf. The relevant agreements contained no provision regarding the succession of management of the LLCs in the event of the death of Jacob, the majority member. Thus, Jacob's controlling interest in the LLCs passed to his estate upon his death, and Elberg and Pewzner, the co-executors of the estate, had the authority to act as co-managers of the LLCs (Limited Liability Company Law § 608; *see also Yew Prospect v Szulman*, 305 AD2d 588, 589 [2d Dept 2003]). Limited Liability Company Law § 608 provides that the executor of a deceased member "may exercise *all* of the member's rights for the purpose of settling his or her estate" (emphasis added).

In view of the foregoing, Elberg's reliance on the business judgment rule is misplaced (*see Matter of Levandusky v One Fifth Ave. Apt. Corp.*, 75 NY2d 530, 537-538 [1990]). As he was never the "sole manager" of the LLCs, the business judgment of the LLCs was never his to exercise unilaterally. However, given the conflicting submissions as to the rights of the parties vis-a-vis the LLCs and LPs, as well as whether completing the project or accepting the buyout was the best course of action, the motion court acted prematurely when it granted the motion to remove Elberg as co-manager without holding an evidentiary hearing (*see Alpert v 28 Williams St. Corp.*, 91 AD2d 530 [1st Dept 1982]; *see also Lehey v Goldburt*, 90 AD3d 410 [1st Dept 2011]). Questions of fact exist as to whether movants are entitled to the relief they seek (*see Colucci v Canastra*, 130 AD3d 1268, 1269 [3d Dept 2015] ["questions of fact preclude summary judgment on the issue of defendant's removal as a director and officer"]). Concur—Sweeny, J.P., Renwick, Andrias and Gesmer, JJ.