Elberg v Crabapple Corp. (2022 NY Slip Op 00353)





Elberg v Crabapple Corp.


2022 NY Slip Op 00353


Decided on January 20, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 20, 2022

Before: Kapnick, J.P., Singh, Moulton, Shulman, Higgitt, JJ. 


Index No. 653373/16 Appeal No. 15123 Case No. 2019-517 

[*1]Ruben Elberg, Individually and Derivatively on Behalf of Royal CP Hotel Holdings LP and Royal HI Hotel Holdings LP, Plaintiff-Appellant,
v
Crabapple Corp., Defendant, Tamara Pewzner, etc., Defendant-Respondent, Royal One Real Estate, LLC, et al., Nominal Defendants-Respondents, Zhu Qing et al., Nominal Defendants.


Levi Huebner & Associates, PC, Brooklyn (Levi Huebner of counsel), for appellant.
Johnson Liebman, LLP, New York (Charles D. Liebman of counsel), for Tamara Pewzner, respondent.



Order, Supreme Court, New York County (Charles E. Ramos, J.), entered December 5, 2018, which granted defendant Tamara Pewzner's motion to remove plaintiff as co-manager of defendants Royal One Real Estate, LLC, Royal Real Estate Management LLC, Royal LIC Real Estate Management LLC, and Royal Hotel & Resorts, LLC, and as co-manager of the general partners of defendants Royal CP Hotel Holdings LP and Royal HI Hotel Holdings LP, unanimously reversed, on the law, without costs, and the motion denied.
The issue decided by the motion court — namely, plaintiff's fitness to co-manage the LLC and LP defendants — was squarely presented in a prior action (see Crabapple Corp. v Elberg, 153 AD3d 434 [1st Dept 2017]), which was voluntarily discontinued with prejudice. The stipulation of discontinuance did not preserve Pewzner's right to raise this issue. Nor was the issue raised in this case as here Elberg simply seeks a declaration that certain amended partnership agreements are valid.
In view of the foregoing, we do not reach plaintiff's remaining arguments.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 20, 2022