Elberg v Crabapple Corp. (2022 NY Slip Op 01384)





Elberg v Crabapple Corp.


2022 NY Slip Op 01384


Decided on March 03, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 03, 2022

Before: Renwick, J.P., Gesmer, Moulton, Rodriguez, Pitt, JJ. 


Index No. 653373/16 Appeal No. 15437-15437A Case No. 2021-00562 2021-01235 

[*1]Ruben Elberg, Plaintiff-Respondent,
v
Crabapple Corp., et al., Defendants, Tamara Pewzner et al., Defendants-Appellants. 


Foley Hoag LLP, New York (Stephen P. Younger of counsel), for appellants.
Abrams Fensterman, LLP, Lake Success (Brian T. McCarthy of counsel), for respondent.



Order, Supreme Court, New York County (Andrew Borrok, J.), entered February 2, 2021, which, to the extent appealed from as limited by the briefs, denied defendants' motion for summary judgment dismissing the complaint against them, and granted plaintiff's motion for summary judgment declaring that the parties' November 2012 partnership agreements were valid and governed the affairs of the parties, unanimously affirmed, with costs. Order, same court and Justice, entered on or about March 23, 2021, which granted plaintiff's order to show cause for a supplemental declaration that he is 40% minority member of two of the defendant LLCs, unanimously affirmed, with costs.
In this action for a declaration that two limited partnership agreements, dated November 30, 2012 (the November agreements), were valid and governed the affairs of the parties in an endeavor to build two hotels in Long Island City, New York, and that two previous partnership agreements, dated August 3 and 10, 2012 (the August agreements), had expired by their own terms, the court properly denied defendants' motion for summary judgment dismissing the complaint on the ground that the August partnership agreements were controlling, and properly granted plaintiff's motion for a declaration that the November agreements were the controlling agreements. The record establishes that the parties treated the November agreements as the operative agreements and performed under their terms. Contrary to defendants' contention, there is nothing in the November agreements to indicate that they were intended to be amendments of the August agreements, and this Court will not read into the November agreements something that is not there (see Vermont Teddy Bear Co. v 538 Madison Realty Co., 1 NY3d 470, 475 [2004]).
The court also properly found that plaintiff was a 40% minority member in two of the defendant LLCs, as this Court has already made that determination (Crabapple Corp. v Elberg, 153 AD3d 434 [1st Dept 2017]).
We have considered defendants' remaining contentions and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 3, 2022