Max v ALP, Inc. (2023 NY Slip Op 06812)

Max v ALP, Inc.

2023 NY Slip Op 06812

Decided on December 28, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 28, 2023

Before: Kern, J.P., Oing, Gesmer, Moulton, Mendez, JJ. 

Index No. 650618/19, 156927/21 Appeal No. 1316-1317 Case No. 2022-03681, 2023-00666 

[*1]Adam Max, Plaintiff-Appellant,
v
ALP, Inc., et al., Defendants-Respondents. Michael Anderson, Defendant.
In the Matter of Adam Max, Petitioner-Appellant,
v
Libra Max, as President of ALP, Inc., Respondent-Respondent.

Olshan Frome Wolosky LLP, New York (Kerrin T. Klein of counsel), for appellant.
Schlam Stone & Dolan LLP, New York (Jeffrey M. Eilender of counsel), for respondents.

Order, Supreme Court, New York County (Nancy M. Bannon, J.), entered July 26, 2022, which granted defendants' motion for a preliminary injunction to the extent of barring plaintiff from holding a special shareholders' meeting he had demanded and noticed for September 17, 2021, unanimously affirmed, with costs. Appeal from order and judgment (one paper), same court and Justice, entered July 26, 2022, denying the petition to compel respondent Libra Max, as President of ALP, Inc., to hold a special shareholders' meeting, and dismissing the proceeding brought pursuant to CPLR article 78, unanimously dismissed, without costs, as academic.
Supreme Court providently granted a preliminary injunction (see CPLR 6312; Nobu Next Door, LLC v Fine Arts Hous., Inc., 4 NY3d 839, 840 [2005]). The law authorizes courts to enjoin any act "tending to render the judgment ineffectual" (CPLR 6301), and under the circumstances of this case, the injunction as granted appropriately "maintain[s] the status quo" (Vanderbilt Brookland, LLC v Vanderbilt Myrtle, Inc., 147 AD3d 1106, 1109 [2d Dept 2017] [internal quotation marks omitted]; accord Lehey v Goldburt, 90 AD3d 410, 411 [1st Dept 2011]). Defendants otherwise demonstrated irreparable harm and that the balance of equities weighed in their favor (see Vanderminden v Vanderminden, 226 AD2d 1037, 1041 [3d Dept 1996]; Matter of Brennen v Goldsmith, 114 AD2d 363, 366 [2d Dept 1985]; see also Max v ALP, Inc., 206 AD3d 495, 495 [1st Dept 2022]).
We disagree with plaintiff that he demonstrated his lack of desire to remove the current company president and CEO from the board, based on the clear text of his demand for a shareholders' meeting and the terms of the voting agreement into which he entered with the property guardian eligible to vote 20% of the shares, which is binding on both parties. A party "may not do indirectly what it is forbidden to do directly" (BGC Notes, LLC v Gordon, 142 AD3d 435, 438 [1st Dept 2016], lv denied 28 NY3d 909 [2016]). Contrary to plaintiff's contention, defendants were not seeking a mandatory injunction for which "sharp issues of fact" raised in the affidavits would require a hearing (Lehey, 90 AD3d at 411).
As for the special proceeding, we find that granting a writ of mandamus to compel respondent president of the company's board of directors to call the special shareholders' meeting demanded by petitioner would be academic in light of our holding that the preliminary injunction barring that meeting was providently granted.
We have considered plaintiff-petitioner's remaining contentions and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 28, 2023