Weinstein v Wallace (2024 NY Slip Op 05367)

Weinstein v Wallace

2024 NY Slip Op 05367

Decided on October 30, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 30, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
JOSEPH J. MALTESE
LILLIAN WAN
JAMES P. MCCORMACK, JJ.

2023-09253
 (Index No. 520622/18)

[*1]Edward Weinstein, respondent, 
v
Darren M. Wallace, etc., et al., appellants.

Day Pitney LLP, New York, NY (Alfred W.J. Marks and Gregory R. Bruno of counsel), for appellants.
Jon Michael Probstein, Levittown, NY, for respondent.

DECISION & ORDER
In an action, inter alia, for a judgment declaring that the plaintiff is the sole voting member and the manager of Weinstein Family Services of New York, LLC, the defendants appeal from an order of the Supreme Court, Kings County (Reginald A. Boddie, J.), dated October 13, 2022. The order denied the defendants' motion for summary judgment dismissing the amended complaint and declaring that the plaintiff is not the sole voting member or the manager of Weinstein Family Services of New York, LLC, and, upon searching the record, awarded the plaintiff summary judgment declaring that he is the sole voting member and the manager of Weinstein Family Services of New York, LLC.
ORDERED that the order is reversed, on the law, with costs, the defendants' motion for summary judgment dismissing the amended complaint and declaring that the plaintiff is not the sole voting member or the manager of Weinstein Family Services of New York, LLC, is granted, and the matter is remitted to the Supreme Court, Kings County, for the entry of a judgment, inter alia, declaring that the plaintiff is not the sole voting member or the manager of Weinstein Family Services of New York, LLC.
On July 14, 2000, the plaintiff and his siblings executed an operating agreement for Weinstein Family Services of New York, LLC (hereinafter WFS LLC), for the purpose of owning real property to be used in a funeral services business. Pursuant to the operating agreement, the manager of WFS LLC was the plaintiff's brother H. Seymour Weinstein (hereinafter Seymour). By 2009, the plaintiff and Seymour each owned a 50% membership interest in WFS LLC after purchasing their siblings' membership interests.
In 2012, Seymour died. Thereafter, the plaintiff commenced this action, inter alia, for a judgment declaring that, upon the death of Seymour, he became the sole voting member and the manager of WFS LLC. The defendants moved for summary judgment dismissing the amended complaint and declaring that the plaintiff is not the sole voting member or the manager of WFS LLC. In an order dated October 13, 2022, the Supreme Court denied the defendants' motion and, upon searching the record, awarded the plaintiff summary judgment declaring that he is the sole voting member and the manager of WFS LLC. The defendants appeal.
"[A] contract is to be construed in accordance with the parties' intent, which is generally discerned from the four corners of the document itself. Consequently, a written agreement [*2]that is complete, clear and unambiguous on its face must be enforced according to the plain meaning of its terms" (MHR Capital Partners LP v Presstek, Inc., 12 NY3d 640, 645 [internal quotation marks omitted]; see Matter of AJG Parkview Corp. v Calabrese, 187 AD3d 1175, 1178).
Here, the defendants demonstrated their prima facie entitlement to judgment as a matter of law dismissing the amended complaint and declaring that the plaintiff is not the sole voting member or the manager of WFS LLC. Section 8.1(d) of the WFS LLC operating agreement unambiguously provides that a deceased member's estate shall have all of the rights of a member for the purpose of settling or managing its estate, which would include a member's voting rights (see Limited Liability Company Law § 608; Matter of Andris v 1376 Forest Realty, LLC, 213 AD3d 923, 924; Crabapple Corp. v Elberg, 153 AD3d 434, 435). Thus, pursuant to the operating agreement, upon Seymour's death, his estate became a voting member of WFS LLC for the purpose of settling or managing the estate. Furthermore, the plaintiff did not become the manager of WFS LLC upon Seymour's death, as section 5.1(c) of the operating agreement requires a successor or replacement manager to be elected by a vote of the members.
In opposition, the plaintiff failed to raise a triable issue of fact.
Accordingly, the Supreme Court should have granted the defendants' motion for summary judgment dismissing the amended complaint and declaring that the plaintiff is not the sole voting member or the manager of WFS LLC.
Since this is, in part, a declaratory judgment action, we remit the matter to the Supreme Court, Kings County, for the entry of a judgment, inter alia, declaring that the plaintiff is not the sole voting member or the manager of WFS LLC (see Lanza v Wagner, 11 NY2d 317, 334).
IANNACCI, J.P., MALTESE, WAN and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court