Matter of Bodenchak v 5178 Holdings LLC (2025 NY Slip Op 05875)

Matter of Bodenchak v 5178 Holdings LLC

2025 NY Slip Op 05875

Decided on October 23, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 23, 2025

Before: Manzanet-Daniels, J.P., Moulton, Scarpulla, González, Michael, JJ. 

Index No. 152916/24|Appeal No. 5021|Case No. 2025-00400|

[*1]In the Matter of Dawn Bodenchak etc., Petitioner-Respondent,
v
5178 Holdings LLC, et al., Respondents-Appellants. 

Anderson Kill P.C., New York (Jonathan G. Kortmansky of counsel), for appellants.
Kosakoff & Cataldo LLP, Melville (Michael J. Stanton of counsel), for respondent.

Order, Supreme Court, New York County (Paul A. Goetz, J.), entered January 9, 2025, which granted the motion of petitioner Dawn Bodenchak as Executor of the Estate of Frank Bodenchak to be substituted in place of petitioner Frank Bodenchak, unanimously affirmed, with costs.
In this proceeding for dissolution of 5178 Holdings LLC and damages, the court properly granted Dawn Bodenchak's (petitioner) motion to be substituted in place of decedent. Contrary to respondents' contention, the court had jurisdiction over the action pursuant to CPLR 1015(a), which provides that if a party dies and the claim for that party is not extinguished, "the court shall order substitution of the proper parties." Under CPLR 1021, "[a] motion for substitution may be made by the successors or representatives of a party." Here, petitioner made the appropriate motion for substitution as the executor of decedent's estate and his personal representative, and therefore the proceeding may go forward (see EPTL 11-3.2[b]).
Respondents' argument that under Limited Liability Company Law § 702,only a member of a limited liability company can bring a statutory dissolution action is unavailing. Limited Liability Company Law § 702 provides that a dissolution action may be brought "[o]n application by or for a member." Petitioner's application was made for decedent, a member of respondent 5178 Holdings, as executor of his estate.
Respondents' contention that decedent's death terminated his membership in 5178 Holdings is also unavailing. Limited Liability Company Law § 608 provides that if a member of a limited liability company dies, their executor, administrator, or legal representative "may exercise all of the member's rights for the purpose of settling his or her estate or administering his or her property . . . ." Decedent's right to pursue dissolution passed to his estate upon his death (see Crabapple Corp. v Elberg, 153 AD3d 434, 435 [1st Dept 2017]), and the dissolution proceeding is necessary to settle his estate and distribute the proceeds from the sale of the apartment owned by 5178 Holdings (see Matter of Andris v 1376 Forest Realty, LLC, 213 AD3d 923, 924 [2d Dept 2023]).
We have considered respondents' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 23, 2025