Matter of Cutner v City of Rye Bd. of Appeals (2026 NY Slip Op 00504)

Matter of Cutner v City of Rye Bd. of Appeals

2026 NY Slip Op 00504

Decided on February 4, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 4, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
WILLIAM G. FORD
LAURENCE L. LOVE
DONNA-MARIE E. GOLIA, JJ.

2024-01404
 (Index No. 61418/23)

[*1]In the Matter of David A. Cutner, et al., appellants,
vCity of Rye Board of Appeals, et al., respondents.

David A. Cutner and Thomas W. Tobin, Rye, NY, appellants pro se.
Harris Beach Murtha Cullina PLLC, White Plains, NY (Brian D. Ginsberg, Darius P. Chafizadeh, and James P. Nonkes of counsel), for respondent City of Rye Board of Appeals.
Harfenist Kraut & Perlstein LLP, Purchase, NY (Jonathan D. Kraut and Leo Napior of counsel), for respondent 530 Milton Road, LLC.

DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination of the respondent City of Rye Board of Appeals dated April 20, 2023, which, after a hearing, upheld the issuance of a certificate of occupancy to the respondent 530 Milton Road, LLC, by the City of Rye Department of Buildings, the petitioners appeal from a judgment of the Supreme Court, Westchester County (Susan Cacace, J.), dated November 27, 2023. The judgment denied the petition and dismissed the proceeding.
ORDERED that the judgment is reversed, on the law, with one bill of costs, and the matter is remitted to the respondent City of Rye Board of Appeals for further proceedings consistent herewith.
In December 2021, the respondent 530 Milton Road, LLC (hereinafter Milton), purchased a restaurant located in the City of Rye. In January 2022, Milton closed the restaurant to perform renovations. In June 2022, Milton obtained a permit for interior renovation work. However, that same month, a stop work order halted the renovations because Milton did not have the necessary permits for certain exterior renovations. After obtaining the necessary authorization from the City of Rye Department of Buildings, renovations were resumed and eventually completed. In November 2022, Milton was issued a certificate of occupancy, which stated that the occupancy of the building was for the "continued use of this building as a restaurant." Milton then resumed using the property as a restaurant.
The petitioners thereafter appealed to the respondent City of Rye Board of Appeals (hereinafter the Board), challenging the issuance of the certificate of occupancy. In a determination dated April 20, 2023, the Board upheld the issuance of the certificate of occupancy, concluding that the restaurant was a permitted use. In May 2023, the petitioners commenced this proceeding pursuant to CPLR article 78 to review the Board's determination. By judgment dated November 27, 2023, the Supreme Court denied the petition and dismissed the proceeding. The petitioners appeal.
The Supreme Court erred in denying the petition and dismissing the proceeding. Judicial review of a challenged zoning board determination is generally limited to assessing whether the zoning board's determination was illegal, arbitrary and capricious, or an abuse of discretion (see Matter of Margulies v Town of Ramapo, 226 AD3d 783, 784). Furthermore, where the zoning board of appeals is authorized to interpret code requirements, such as here (see Code of the City of Rye § 197-81[A]), the zoning board's interpretation of its zoning ordinance is entitled to great deference (see Matter of Abramovitz v Zoning Bd. of Appeals of the Inc. Vil. of Bellport, 194 AD3d 810, 811). "However, where the issue involves pure legal interpretation of statutory terms, deference [to the zoning board of appeals] is not required" (Matter of Bartolacci v Village of Tarrytown Zoning Bd. of Appeals, 144 AD3d 903, 904 [internal quotation marks omitted]; see Matter of Kreger v Town of Southold, 230 AD3d 781, 782). "In such circumstances, the judiciary . . . is free to ascertain the proper interpretation from the statutory language and legislative intent" (Matter of Kreger v Town of Southold, 230 AD3d at 782 [alteration omitted], quoting Matter of Corrales v Zoning Bd. of Appeals of the Vil. of Dobbs Ferry, 164 AD3d 582, 585). In interpreting a statute, the court should attempt to effectuate the intent of the legislature (see id. at 783). The starting point in any case of statutory interpretation must always be the language of the statute itself, giving effect to the plain meaning thereof (see id.; see also Matter of O'Donnell v Erie County, 35 NY3d 14, 20-21). "All parts of a statute are intended to be given effect and a statutory construction which renders one part meaningless should be avoided" (Matter of Kreger v Town of Southold, 230 AD3d at 783 [alteration omitted], quoting Matter of Jun Wang v James, 40 NY3d 497, 503).
Here, the Code of the City of Rye § 197-86, table B, column 1, (B-1)(3) defines a "[f]ull-service restaurant[ ]" to mean an establishment that, among other things, is situated "on a lot having frontage on an arterial highway or a county road as designated on September 1, 1958, and more than 150 feet from a residence district." There is no dispute that the property on which the restaurant is situated does not meet the foregoing requirements. Accordingly, full-service restaurant use is not a permitted use of the property based on the clear and unambiguous wording of the Code of the City of Rye. The Board's determination to uphold the issuance of the certificate of occupancy was therefore affected by an error of law, and it must be annulled.
Because the Board concluded that the restaurant use was a permitted use, it did not consider the question of whether the restaurant use may still warrant the issuance of a certificate of occupancy on the ground that it is a preexisting nonconforming use or whether that preexisting nonconforming use lapsed due to Milton's renovation work (see id. § 197-5[A][4]). Accordingly, the matter must be remitted to the Board for a determination on this issue (see Matter of HV Donuts, LLC v Town of LaGrange Zoning Bd. of Appeals, 169 AD3d 678; Greentree Realty, LLC v Village of Croton-on-Hudson, 46 AD3d 511, 513).
The petitioners' remaining contentions either are not properly before this Court or need not be considered in light of our determination.
GENOVESI, J.P., FORD, LOVE and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court